■ In the Matter of NATHANIEL P. BENNETT, Appellant, v. BOARD OF TRUSTEES OF THE POLICE PENSION FUND OF THE CITY OF NEW YORK, ARTICLE II, Respondent.— Order, entered on March 7, 1963, unanimously reversed on the facts and on the law, with $20 costs and disbursements to appellant, and the matter remanded to respondent for further proceedings in accord with this memorandum. Petitioner, a police officer, was retired by respondent for disability. By his petition he seeks to have the court direct respondent to award petitioner a pension based on a service connected disability pension. The respondent had concluded that petitioner's disability did not arise from any occurrence in the line of duty. In arriving at this conclusion the respondent relied on findings of its medical board, a transcript of a police aided card, and a precinct blotter entry. While respondent had, of necessity, to rely on the findings of the medical board for the fact of disability, the responsibility for determination of the cause of disability, and hence whether or not it was service connected, rested on respondent alone (*Matter of Hickie* v. *Valentine,* 177 Misc. 743, affd. 262 App. Div. 832, and cited with approval in *Matter of City of New York* v. *Schoeck,* 294 N. Y. 559, 568). It follows that mere acceptance of the bald find-

ing of the medical board would not be sufficient (*Matter of Newbrand* v. *City of Yonkers*, 285 N. Y. 164). Of course, once the respondent had found the facts, it could rely on the expert opinion of its medical board that these facts could or could not have caused the disability that it found. The proceedings before respondent are ex parte and petitioner has no right to submit evidence or dispute any evidence submitted. But he is entitled to have respondent make its own determination on evidence that will allow an advised conclusion. Here petitioner points to reports of the Police Department of investigations made by its own officers as to the facts which he claims led to his disability. While we do not direct the respondent to consider these or any other specific evidence, we do direct that it reopen the hearings to take whatever evidence would be necessary to reach a conclusion as to what the cause of petitioner's disability is and whether that cause arose out of the performance of his duties. Concur — Breitel, J. P., Stevens, Eager, Steuer and Witmer, JJ.