■ In the Matter of MICHAEL SIMMONS, Respondent, v HAROLD HERKOMMER, as Executive Director of the New York City Employees' Retirement System, et al., Appellants. — Judgment, Supreme Court, New York County (B. Nadel, J.), entered September 8, 1982 vacating determination of respondent New York City Employees' Retirement System denying petitioner accident disability retirement, and directing said respondent to grant petitioner accident disability retirement pursuant to section 207-k of the General Municipal Law is reversed, on the law, and the petition is dismissed, without costs. The expert

opinion of the medical board was that the type of heart disease from which petitioner suffered — valvular heart disease with aortic insufficiency — was of a kind that is not related to the stresses of occupational activities or the performance and discharge of police duties, but rather to childhood diseases. In our view this expert medical opinion constituted "competent evidence" sufficient to justify the medical board in finding that the case fell within the "unless" clause of subdivision a of section 207-k of the General Municipal Law (the heart bill), which provides a presumption that heart disease was incurred in the performance and discharge of duty, "unless the contrary be proved by competent evidence." (Accord *Matter of Vecchiarello v Board of Trustees,* 115 Misc 2d 241, affd 96 AD2d 1153.) Concur — Sullivan, Asch, Silverman and Milonas, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would modify to remand to the New York City Employees' Retirement System for further consideration in accordance with the directive at Special Term. (See *Matter of O'Hagan v Board of Trustees,* 81 AD2d 818, affd 55 NY2d 784.) In view of the determination in *Uniformed Firefighters Assn. v Beekman* (52 NY2d 463), it is now clear that section 207-k of the General Municipal Law creates a presumption that the disabling heart condition was accidentally sustained as a result of the employment of this housing authority police officer if not rebutted. It is obvious that the medical board sought to find a medical history which would sustain the denial of accident disability retirement, conjuring up afflictions for which there was no basis. Accordingly, the determination of Special Term in remanding the matter to the Retirement System to vacate their determination was sound. However, in view of the *O'Hagan* case (*supra*), they are not to be directed to grant the disability pension, but merely directed to do their duty properly.