■ Timothy B. Pamlanye, Appellant, v Robert J. McGuire et al., Respondents. — Judgment, Supreme Court, New York County (Tompkins, J.), entered on or about February 29, 1984, dismissing the petition for a judgment annulling respondent's

determination retiring petitioner on an ordinary disability pension and for related relief, unanimously reversed, on the law, without costs, and the matter remanded to the Board of Trustees of the Police Pension Fund.

Petitioner was a member of the New York City Police Department, having been appointed a police officer on July 31, 1981. On the night of June 16, 1982, petitioner, assigned to the 81st Precinct, was driving home after completing his tour of duty. He was in his private automobile in the company of two other police officers. Petitioner's automobile stalled and the three occupants got out. Petitioner opened the hood of the automobile. Another automobile crashed into petitioner's, striking and injuring him. Later petitioner alleged that the other automobile had been swerving and speeding and that, at the time he was struck, he was displaying his shield and pistol in an attempt to stop the other car and arrest the driver. One of the other officers who had been accompanying petitioner succeeded in stopping the other car and arresting the driver. That driver was charged with assault in the second degree, leaving the scene of an accident, and driving while intoxicated.

Petitioner was admitted to Kings County Hospital with fractures of both legs. He was on sick report until February 23, 1983, when he returned to duty. He had been examined by a police surgeon on January 24, 1983. The surgeon recommended that petitioner be assigned to limited duty for 30 to 60 days and that he be reevaluated in three to four months and surveyed for ordinary disability retirement.

On March 30, 1983, petitioner filed, for the first time, to have his injury designated as having been received in the line of duty. He alleged "while standing in front of a parked car, I observed an accident where the driver left the scene. I presented my shield to the oncoming car trying to bring it to a stop. The car struck me causing serious physical injuries and left the scene again. The driver was arrested several blocks away." On April 23, 1983, one of the other officers who had been in the company of petitioner filed a witness statement regarding the incident. This statement, with minor variations, supported petitioner's allegations.

On April 26, 1983, the patrol supervisor who had been on the scene filed a report recommending further investigation by the commanding officer of the precinct. On May 5, 1983 the captain reported, recommending disapproval of the line-of-duty designation for the injury. He based his report upon, *inter alia,* the statement of the accompanying police officer, and an earlier report by the former captain of the 84th Precinct, as well as his interview of petitioner.

On May 10, 1983, petitioner was examined by the Medical Board. The Board reported its physical findings, recommending ordinary disability retirement and disapproval of "accident disability retirement." On July 12, 1983, the Board of Trustees of the Pension Fund considered the application. Based on the Medical Board report it approved ordinary disability retirement, but denied accident disability retirement by a 6 to 6 tie vote. Thereafter, by petition of August 19, 1983, petitioner commenced the CPLR article 78 proceeding, the judgment dismissing which is here on review. Petitioner raised several issues in the Supreme Court and on appeal. Only one of these merits discussion.

The minutes of the meeting of the Board of Trustees indicate that the vote which resulted in the denial of petitioner's accident disability pension was taken without any independent deliberation by the Board and without its receipt or consideration of any evidence other than the Medical Board recommendation. While the Board of Trustees has the right to rely on the Medical Board with regard to medical judgments, such as whether an employee is in fact disabled, and if so, whether the disability was caused by an acknowledged line-of-duty event, the Board has an obligation to make an independent determination where, as in this case, the dispute concerns whether or not the event that gave rise to the disability occurred in the line of duty. (*Matter of Brady v City of New York,* 22 NY2d 601; *Carey v McGuire,* 88 AD2d 532 [1st Dept 1982]; *Matter of Curran v McGuire,* 87 AD2d 223 [1st Dept 1982]; *Matter of Bennett v Board of Trustees,* 20 AD2d 522 [1st Dept 1963], *affd* 16 NY2d 562.)

In this case, the report of the Medical Board indicated only that petitioner's injury was related to "an auto accident". Since the Board of Trustees voted solely on the basis of the recommendation of the Medical Board, it abdicated its responsibility to consider evidence and make an independent decision of all relevant issues.

The Supreme Court made its determination based on evidence produced by the Police Department's investigation which tended to prove that petitioner's disability was not incurred in the line of duty. There is, however, no indication that the Board of Trustees ever received or considered that evidence. Concur — Sandler, J. P., Sullivan, Carro and Rosenberger, JJ.