OPINION OF THE COURT
Levine, J.
These appeals involve a recurring question concerning the standard of judicial review when the Board of Trustees of the New York City Fire Department Pension Fund denies, by tie vote, a firefighter’s application for service-related accidental disability retirement and grants only the lesser ordinary disability retirement benefits. In each case, the pension fund Medical Board found the firefighter incapacitated for the performance of duty (Administrative Code of City of NY § 13-352), but further concluded that the service-related injuries had not caused each firefighter’s disabling condition, either directly or by precipitating a latent condition or by aggravating a preexisting condition (see, Matter of Tobin v Steisel, 64 NY2d 254). Thus, in each case, the Medical Board recommended to the Board of Trustees that the firefighter be retired for ordinary rather than accidental disability (Administrative Code § 13-353). This recommendation was upheld by tie vote when the Board of Trustees could not agree on the issue of causation (see, Matter of Canfora v Board of Trustees, 60 NY2d 347, 351-352 [citing Matter of City of New York v Schoeck, 294 NY 559]).
On the firefighters’ CPLR article 78 petitions for review, the Appellate Division concluded in each case that a causal relationship between the service-related injuries and the disabling condition had been established as a matter of law, and ordered that the Board of Trustees’ award of ordinary disability retirement be annulled and the application for accidental disability retirement be granted (231 AD2d 522; 228 AD2d 598; 228 AD2d 509; 227 AD2d 627). By relying exclusively on the reports of examining physicians who were of the opinion that a causal connection existed between the service injuries and the disabling condition, and on evidence that the firefighter had not returned to full duty following his final service accident, the Appellate Division implicitly held that the opinion of a nonexamining medical expert of no causation (such as that rendered *144 by the Medical Board) does not constitute credible evidence under these circumstances. We granted leave to clarify the credible evidence requirement needed to sustain a denial of service-related disability retirement in such circumstances and now reverse in each case.
The New York City Fire Department Pension Fund is administered by the Board of Trustees pursuant to title 13 of the Administrative Code of the City of New York. A firefighter is entitled to accidental disability retirement when a medical examination and investigation shows that he or she is "physically or mentally incapacitated for the performance of city-service as a natural and proximate result of an accidental injury received in such city-service” (Administrative Code § 13-353). Like other City pension funds and retirement systems, application for accidental disability retirement involves a two-tier administrative process (see generally, Matter of Borenstein v New York City Employees’ Retirement Sys., 88 NY2d 756). Following a medical examination (which in each of these cases was conducted by the Fire Department medical committee), the three-physician member pension fund Medical Board, charged with passing upon all such required medical examinations and investigating all essential information in connection with a disability retirement application (see, Administrative Code § 13-323), determines whether the member is disabled for performance of duty and ought to be retired (Administrative Code § 13-352).
If the Medical Board concludes that the member is disabled, it must further determine whether the disability is "a natural and proximate result of an accidental injury received in such city-service” and certify its recommendation on this issue to the Board of Trustees, the body ultimately responsible for retiring the pension fund member and determining the issue of service-related causation (Administrative Code §§ 13-353, 13-323 [b]; Matter of Russo v Board of Trustees, 143 AD2d 674, 676; see, Matter of Canfora v Board of Trustees, supra, 60 NY2d, at 351 [construing comparable provisions governing New York City Police Pension Fund] [citing Matter of City of New York v Schoeck, supra; Matter of Bennett v Board of Trustees, 20 AD2d 522, affd 16 NY2d 562]).
Where, as here, the Medical Board finds the firefighter disabled for performance of duty and the Board of Trustees becomes deadlocked on the issue of whether the disabling condition is causally related to the service-related injuries, and *145 is thus unable to pass by majority vote a resolution retiring the firefighter for ordinary or accidental disability, by a time-honored procedural practice the application for accidental disability retirement is denied and the lesser ordinary disability benefits are awarded (see, Matter of Canfora v Board of Trustees, 60 NY2d, at 352, supra; Matter of Pilkington v Cavanagh, 12 NY2d 888). On subsequent review in an article 78 proceeding, the reviewing court may not set aside the Board of Trustees’ denial of accidental disability retirement resulting from such a tie vote unless "it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service-related accident” (Matter of Canfora v Board of Trustees, 60 NY2d, at 352, supra; Matter of McCambridge v McGuire, 62 NY2d 563, 568). Since, under these circumstances, the reviewing court may only disturb the final award by finding causation established as a matter of law, as long as there was any credible evidence of lack of causation before the Board of Trustees, its determination must stand (see, Matter of Canfora v Board of Trustees, supra, at 351).
In the cases before us, respondent Board of Trustees points to evidence in the record of each case that it maintains meets the credible evidence standard, namely, an articulated medical opinion, grounded in the firefighter’s medical records, that there was no causal relationship between the disabling condition and the service-related injuries. The Board of Trustees further contends that the Appellate Division improperly discounted this evidence for the sole reason that these medical opinions were not based on the experts’ own physical examination of the firefighters. Thus, the Board argues that the Appellate Division erred (1) in annulling its determinations in each of these cases and (2) in apparently fashioning a rule that causation is established as a matter of law whenever the examining physicians who express an opinion on the issue of causation find that such a relationship exists, and this opinion is buttressed by the fact that the firefighter did not return to full duty following the final service accident. For the reasons that follow, we agree with the Board of Trustees as to both contentions.
First, we reject the Appellate Division’s analysis to the extent it is based on the premise that the Board of Trustees must, as a matter of law, credit the opinion of examining physicians on the issue of causation over the rationally based opinion of a nonexamining physician who, nevertheless, has had the opportunity to make a professional medical judgment *146 based on other medical data concerning the applicant for retirement benefits. This Court has never articulated such a rule and we discern no logical basis for adopting one. As a general rule, it is not arbitrary and capricious for the Board of Trustees to rely upon the Medical Board’s recommendation of no causal connection though the Medical Board did not examine the pension fund member itself (see, Matter of Archul v Board of Trustees, 60 NY2d 567, affg for reasons stated 93 AD2d 716; Matter of Fagan v Board of Trustees, 185 AD2d 341). Additionally, it is well settled that a nonexamining physician is competent to testify as a medical expert in a civil or criminal trial as to the cause of a particular medical condition based upon, for example, inspection of the patient’s medical records or the expert’s interpretation of diagnostic tools such as X rays and MR1 films (see, e.g., Weigert v Baker, 217 AD2d 1011; see also, Stouter v Manhattan Ry. Co., 127 NY 661 [recognizing general rule that a medical expert may testify as to causation based upon facts in evidence]; Fisch, New York Evidence § 422 [2d ed]). Given the general acceptance of a nonexamining physician’s expert opinion as credible evidence, there is no reason to discredit the medical opinion of a nonexamining physician in this administrative context, where the rules of evidence are more relaxed and the scope of judicial oversight more limited. Consequently, the Appellate Division erred insofar as it ignored in each of these appeals the expert opinions of non-examining physicians. As long as these opinions were otherwise credible, they could not be rejected solely because they were not based on direct physical examination of the petitioner.
Second, although factors such as the pension fund member’s failure to return to full duty following a service-related injury and the absence of a prior medical history of the disabling condition may be relevant to the issue of causation, the case law demonstrates that none of these factors is dispositive and a denial of accidental disability benefits may be upheld despite their existence (see, Matter of Tobin v Steisel, 64 NY2d, at 257, 258-259, supra [member was asymptomatic prior to service accident]; Matter of McGovern v Lowery, 39 AD2d 518 [member failed to return to full duty following service injury], affd 32 NY2d 954; Matter of Lambadis v New York City Employees’ Retirement Sys., 41 AD2d 1026 [same], affd 34 NY2d 860). Thus, the fact that each of the petitioners failed to return to full duty following his final service accident would not negate credible evidence supporting an inference that the required causal nexus was lacking.
*147 Finally, although the requirement of credible evidence to support the Board of Trustees’ denial of accidental disability benefits by tie vote is not easily defined in the abstract without reference to particular facts, the essential attributes of "credible evidence” are well settled. Thus, it has been said that credible evidence is evidence that proceeds from a credible source and reasonably tends to support the proposition for which it is offered (Indiana Metal Prods. v National Labor Relations Bd., 442 F2d 46, 51; see, Matter of Lee TT. v Dowling, 87 NY2d 699, 711, rearg denied sub nom. Matter of Joel P. v Bane, 88 NY2d 920; Blum v Fresh Grown Preserve Corp., 292 NY 241, 246), and further that it must be evidentiary in nature and not merely a conclusion of law, nor mere conjecture or unsupported suspicion (2 NY Jur 2d, Administrative Law, § 145, at 228; Goranson v Department of Indus., Labor & Human Relations, 94 Wis 2d 537, 554, 289 NW2d 270, 278).
By way of analogy we have employed similar criteria in the pension fund context when rejecting the administrative body’s denial of service-related disability retirement under the substantial evidence standard, which applies when the Board denies the service-related disability pension by majority vote and which is generally interpreted as requiring "some credible evidence” (see, Matter of Borenstein v New York City Employees’ Retirement Sys., 88 NY2d, at 761, supra). Thus, we found an absence of substantial evidence when the denial was premised only on a summary conclusion of no causation and lacked any factual basis (see, Matter of Brady v City of New York, 22 NY2d 601, 605-606 [remitting to trustees for new determination where it had relied upon incomplete investigation and conclusory report of the medical board]; Matter of Bennett v Board of Trustees, 20 AD2d 522, 522-523, supra [holding that "mere acceptance of the bald finding of the medical board” on issue of whether injury was incurred in line of duty was insufficient (emphasis supplied)], affd 16 NY2d 562; see also, Matter of Liston v City of New York, 161 AD2d 491, 492 [medical board’s conclusory finding lacking a factual basis did not constitute "competent evidence” required to rebut statutory presumption of causation], Iv denied 76 NY2d 709). On the other hand, we have not hesitated to uphold a determination of no causation when based on objective medical evidence or a rational, fact-based medical explanation (see, e.g., Matter of Canfora v Board of Trustees, supra [medical history and testimony of department’s chief surgeon]; Matter of Christian v New York City Employees’ Retirement Sys., 56 NY2d 841 *148 [evidentiary-based decision of medical board explaining its rationale], affg 83 AD2d 507; Matter of Longo v City of New York, 79 NY2d 1011 [normal postaccident arthrogram reading], affg for reasons stated 178 AD2d 253; see also, Matter of Simmons v Herkommer, 98 AD2d 651 [medical board’s expert opinion explaining basis for its opinion constituted competent evidence sufficient to rebut statutory presumption of service-related disability], affd 62 NY2d 711).
Reviewing the record in each of these appeals with the foregoing principles in mind, we conclude that reversal is required in each one because the Appellate Division erroneously ignored credible evidence of a lack of causation before the Board of Trustees in the form of an articulated, rational, and fact-based medical opinion.

Matter of Meyer

Firefighter Meyer applied for accidental disability retirement claiming that he was unable to perform his duties because of back pain and limitation of movement caused by three service-related accidents. Following a referral to impartial consultants for an EMG and neurosurgical evaluation, the pension fund Medical Board reviewed Meyer’s case twice, each time concluding that he was disabled due to "multilevel degenerative disease of his lumbar spine” and, based on its review of the Department accident reports, that this condition was not causally related to or aggravated by the three reported injuries. In considering Meyer’s application, the record reveals that the Board of Trustees conducted a thorough review of Meyer’s entire record, including the reports of the Medical Board, the examination results from Fire Department medical personnel, and submissions from Meyer’s private examining physicians. The Board was aided in its review of the documentary record by Dr. Cyril Jones, Chief Medical Officer of the Fire Department’s Bureau of Health Services. In response to questions from Board members, Dr. Jones testified that a lumbar disc condition consisting of herniation and degeneration at multiple disc levels is more likely to be the result of a degenerative process than a traumatic injury, and gave an opinion, based upon a review of Meyer’s medical records and the doctor’s own interpretation of a recent MRI, that Meyer was suffering from such multilevel degeneratively caused disc disease. As noted, the members of the Board of Trustees were unable to reach agreement on the issue of service-related causation and Meyer was awarded ordinary disability retirement as a result of a tie vote.
*149 Dr. Jones’ opinion was expressly premised on underlying objective evidence in Meyer’s medical file and this rational and fact-based expert medical opinion supported an inference that Meyer’s disabling back condition was not the result of his service-related injuries. We therefore agree with respondents that there was credible evidence of a lack of causation before the Board of Trustees and, thus, that its award of ordinary disability benefits should not have been annulled.

Matter of Hacker

Firefighter Hacker joined the Fire Department in 1967 and, over the years, experienced several service-incurred injuries involving his neck and back. The last service injury occurred in August 1992 when a portion of a ceiling fell and struck him while he was fighting a fire. Without returning to duty he retired from service in September 1993, while his application for accidental disability retirement was pending. On its initial review of Hacker’s application, the Medical Board concluded that he was disabled due to cervical and lumbar spine pathology that was degenerative in nature, and not causally related to or aggravated by the documented service-related injuries. The Medical Board’s report indicates that it based this conclusion upon the accident reports and Hacker’s medical records, especially a January 1993 MRI which it interpreted as showing multilevel degenerative disc disease in the lumbar and cervical areas with only a small herniation at L5-S1 and cervical disc bulges. On subsequent review, it considered, but disagreed with, a report of a treating physician who was of the opinion that the August 1992 injury had caused Hacker’s disabling condition. Adhering to its original findings, the Medical Board recommended that Hacker be retired for ordinary rather than accidental disability, which recommendation was followed by the Board of Trustees on a tie vote.
We disagree with the Appellate Division that on this record there was no question of fact as to whether Hacker’s disabling disc disease was causally related to the August 1992 accident. The Medical Board physicians reviewed the Department report indicating Hacker suffered back sprain during that accident, and then proffered an expert medical opinion based on their own interpretation of the medical records and diagnostic medical proof, that Hacker’s condition was not traumatically induced. As the Medical Board’s report constituted an expert medical opinion based on evidentiary proof that reasonably tended to support the conclusion of a lack of causation between the accident and the disabling condition, the Appellate Divi *150 sion erred in finding the examining physician’s report and Hacker’s failure to return to full duty to be the "only competent evidence before the Board of Trustees on the issue of causation” and in annulling the Board’s determination on this basis (supra, 228 AD2d, at 600).

Matter of Sorrenti

Prior to joining the Fire Department in 1970, petitioner Sorrenti was surgically treated for a tear in the cartilage of his left knee. During his performance as a firefighter, he experienced several incidents affecting his left knee and back. A 1985 CT scan, performed shortly after a service accident in which Sorrenti twisted his back while falling, indicated evidence of early degeneration at the L3-L4 level. Sorrenti’s final service-related accident occurred in November 1991 when the fire truck in which he was riding was struck by another vehicle. While he remained on sick leave, the Fire Commissioner applied to have him retired for ordinary disability and Sorrenti applied for accidental disability retirement. Following a referral to impartial neurosurgical and orthopedic consultants, the Medical Board determined that Sorrenti was disabled due to arthritis of the left knee and degenerative disease of the lumbar spine. Based on medical evidence indicating that both the knee and back conditions predated the most significant service-related injuries (the 1985 and 1991 incidents) — including the 1985 CT scan which showed early degeneration, an X ray taken immediately after the 1991 accident which showed arthritic changes at L3-L4, and a subsequent X ray showing additional degenerative changes — and based on its opinion that the other service injuries were not sufficiently significant to have caused the present condition, the Medical Board concluded that both conditions were degenerative in nature and neither caused nor aggravated by the service-related injuries. Upon additional reviews conducted at the request of the Board of Trustees, the Medical Board confirmed its original conclusion and expressed the opinion, based on recent medical findings showing preexisting degenerative changes in the left knee and evidence indicating that the reported service injuries were not significant enough to have aggravated the condition to its present state, that the current knee condition was the direct result of the 1969 surgery.
Clearly the Medical Board’s reports, in which it articulated a factually grounded medical basis for its opinion that the service injuries had not caused or aggravated Hacker’s knee and back disabilities, constituted credible evidence on the issue of *151 causation. Moreover, a review of the record demonstrates that neither the Medical Board nor the Trustees relied exclusively upon what petitioner claims is an inconclusive and misleading emergency room report. Thus, the Appellate Division erred in concluding on this record, that the requisite causal relationship had been established as a matter of law.

Matter of Pomilla

After joining the Fire Department in 1960, firefighter Pomilla suffered four documented service-related accidents involving his back between 1972 and 1989. The last of these occurred in June 1989 when he stepped into a hole in flooring while fighting a fire, injuring his groin and back. Following his application for accidental disability retirement, the Medical Board referred him to a neurosurgical consultant, who found evidence of long-standing chronic degenerative disease in the lower vertebrae and joints, but no focal neurological signs. Based on this report, as well as its review of CT scans, X rays, and MRIs showing disc degeneration and osteoarthritic changes in the lumbar spine, the Medical Board concluded that Pomilla was disabled due to long-standing degenerative lumbar spine disease, but that this disability was not related to or aggravated by the service injuries. Upon subsequent review, the Medical Board adhered to its recommendation of ordinary disability retirement. The Board of Trustees was ultimately unable to reach agreement on the causation issue and Pomilla’s application for accidental disability was denied by tie vote.
As a result of a remand from Supreme Court to the Board of Trustees to consider whether the 1989 accident had caused the current disability by precipitation or aggravation of a latent or existing condition (see, Matter of Tobin v Steisel, 64 NY2d 254, supra), the Medical Board conducted a final review and, in a detailed report, explained the basis for its opinion that the 1989 accident had neither precipitated nor aggravated Pomilla’s current back condition. Specifically, the Medical Board explained that it viewed Pomilla’s degenerative lumbar spine disease as the result of progressive, normal wear and tear and that this conclusion was substantiated by an EMG taken four months after the June 1989 accident which indicated that the accident had not produced a significant disabling injury to Pomilla’s spine, and by X rays, MRIs and CT scans showing multilevel disc degeneration. The Board of Trustees again denied accidental disability retirement, and granted ordinary disability retirement, by tie vote.
*152 As our review of the record demonstrates, the detailed and fact-based reports of the Medical Board, explaining the basis for its conclusion that causation had not been éstablished, constituted credible evidence of a lack of causation, and thus, the Board of Trustees’ determination should not have been disturbed.
Accordingly, in each case, the order appealed from should be reversed, with costs, and the petition dismissed.
Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Ciparick and Wesley concur.
In each case: Order reversed, etc.