■ In the Matter of THOMAS DAWE, Appellant, v HOWARD SAFIR, as Police Commissioner of the City of New York and as Chair of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [696 NYS2d 40] —Order and judgment (one paper), Supreme Court, New York County (Helen Freedman, J.), entered April 24, 1998, which denied petitioner's application pursuant to CPLR article 78 to annul a determination of respondent Board of Trustees, dated October 15, 1996, denying petitioner's application for accident disability retirement benefits, and dismissed the proceeding, unanimously affirmed, without costs.

Where, as here, respondent Board of Trustees, by reason of a tie vote, fails to conclude that a disability was caused by a service-related accident, the Board's consequent denial of accident disability retirement benefits may not be disturbed unless it is unsupported by any credible evidence of lack of causation (*see, Matter of Meyer v Board of Trustees of N. Y. City Fire Dept.*, 90 NY2d 139, 144-145). Here, respondent acted on the basis of detailed reports from its Medical Board (*see, supra,* at 152), and made the required "independent determination" (*Pamlanye v McGuire*, 111 AD2d 721, 723). We have considered petitioner's remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Tom, Mazzarelli, Saxe and Buckley, JJ.