■ In the Matter of WILLIAM KENNY, Appellant, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [720 NYS2d 146] —Order, Supreme Court, New York County (Charles Tejada, J.), entered September 13, 1999, which denied petitioner's application to annul respondents' denial of petitioner's application for accidental disability retirement benefits and dismissed the petition, unanimously affirmed, without costs.

We reject petitioner's argument that respondents failed to consider medical evidence that the back condition for which he was retired with ordinary retirement benefits was aggravated, and rendered disabling, by his line-of-duty accident. Such evidence was expressly considered, and indeed convinced the Board of Trustees to twice remand the matter to the Medical Board. On the basis of an MRI examination and considerable other medical evidence indicating a preexisting, chronic degenerative disc disease that was already well-advanced at the time of the accident, the Board found no causal relationship between the condition and the accident. Since the denial of accidental disability retirement benefits was the result of a tie vote by the Board of Trustees on the issue of whether petitioner's disability was causally related to his accident, such denial may not be judicially disturbed "as long as there was any credible evidence of lack of causation before the Board of Trustees" (*Matter of Meyer v Board of Trustees*, 90 NY2d 139, 145). That was the case here. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Lerner and Buckley, JJ.