■ In the Matter of DAVID W. HARRIS, Appellant, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [726 NYS2d 108] —Judgment, Supreme Court, New York County (Kibbie Payne, J.), entered on or about March 14, 2000, which denied petitioner's application, brought pursuant

to CPLR article 78, to annul respondent Board of Trustees' determination, dated March 10, 1999, denying petitioner accident disability retirement benefits, and dismissed the petition, unanimously affirmed, without costs.

The Board of Trustees, as a consequence of a tie vote upon the issue of whether petitioner's disability was caused by a service-related accident, denied petitioner's application for accident disability retirement benefits. Since there was some credible evidence to support the conclusion that petitioner's disability was not caused by a service-related accident, the Board's determination denying petitioner accident disability retirement benefits may not be disturbed (*see*, *Matter of Meyer v Board of Trustees*, 90 NY2d 139, 147; *Matter of Canfora v Board of Trustees*, 60 NY2d 347, 351). In voting on the causation issue, the Board of Trustees was entitled to rely upon the experts credited by the Medical Board and to reject the opinion of petitioner's experts (*see*, *Matter of Meyer*, *supra*). Contrary to petitioner's argument, the very lengthy interval between the shooting and the onset of his disability was properly considered by the Medical Board in recommending that a causal connection between the two events had not been established (*see*, *Matter of Schnyderite v Brown*, 227 AD2d 286, *lv denied* 88 NY2d 812). Concur—Nardelli, J. P., Mazzarelli, Rubin, Saxe and Buckley, JJ.