■ In the Matter of DAVID BURNS, Appellant, v HOWARD SAFIR et al., Respondents. [757 NYS2d 846] —Order and judgment (one paper), Supreme Court, New York County (Ronald Zweibel, J.), entered February 14, 2002, which denied and dismissed the petition brought pursuant to CPLR article 78 to annul the determination of respondent Board of Trustees of the New York City Police Department Pension Fund denying petitioner's application for accident disability retirement benefits, unanimously affirmed, without costs.

The determination of respondent Board of Trustees that, contrary to the presumption mandated by General Municipal Law § 207-k, petitioner's arrhythmia was not service related, but was instead attributable to a congenital heart condition, and its treatment by means of aortic valve surgery was sufficiently based on credible evidence, namely, the expert opinion of respondent Medical Board based upon its examinations of petitioner and its review of his medical records (see Matter of Meyer v Board of Trustees, 90 NY2d 139 [1997]; Matter of Simmons v Herkommer, 98 AD2d 651 [1983], affd 62 NY2d 711 [1984]). The Medical Board's finding that petitioner was not hypertensive and thus had no disability attributable to hypertension was reasonably premised upon heart valve blood pressure readings indicating that petitioner's blood pressure was normal. While the opinion of petitioner's expert and various other test results supported conclusions at variance with those reached by the Board, the Medical Board's resolution of the conflicting medical evidence cannot be said to have been erroneous as a matter of law (see Matter of Meyer, supra; Matter of Polak v Board of Trustees, 188 AD2d 341 [1992], lv denied 81 NY2d 706 [1993]). Concur—Buckley, P.J., Nardelli, Mazzarelli, Sullivan and Gonzalez, JJ.