■ In the Matter of DENISE SANTANGELO, Appellant, v RAYMOND KELLY, as the Police Commissioner of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [916 NYS2d 71]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered on or about July 17, 2009, which denied the petition to annul respondents' determination denying petitioner's application for accident disability retirement (ADR) pension benefits, unanimously affirmed, without costs.

A reviewing court may not set aside a denial of ADR due to a tie vote on the issue of whether the petitioner's disability is causally related to the service-related injuries "unless 'it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service-related accident' " (Matter of Meyer v Board of Trustees of N.Y. City Fire

*Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 145 [1997], quoting *Matter of Canfora v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 60 NY2d 347, 352 [1983]). "[A]s long as there was any credible evidence of lack of causation before the Board of Trustees, its determination must stand" (*Meyer*, 90 NY2d at 145, citing *Canfora*, 60 NY2d at 351). Here, the Medical Board's determination that petitioner's disability was caused by the natural progression of her preexisting isthmic spondylolisthesis and not by a line of duty event is supported by ample credible evidence.

Contrary to petitioner's contention, the Board of Trustees did not abrogate its duty to independently evaluate causation when it relied on the sound recommendation of the Medical Board (*see Matter of Alexander v New York City Employees' Retirement Sys.*, 36 NY2d 671 [1975]; *Pamlanye v McGuire*, 111 AD2d 721, 723 [1985]). The record establishes that all of the available evidence was considered—including the multiple letters submitted by petitioner's personal physician, which were the basis of the Trustees' decision to remand petitioner's case to the Medical Board—twice. Thus, the Trustees are entitled to rely on the Medical Board's opinion, which has ample support in the record (*Meyer*, 90 NY2d at 145; *Matter of Lloyd v Kelly*, 73 AD3d 490, 491 [2010]). Concur—Saxe, J.P., Friedman, Catterson, Acosta and Richter, JJ.