■ In the Matter of DANIEL HOGG, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [940 NYS2d 82]—

Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered May 10, 2010, denying the petition seeking, inter alia, to annul a determination of respondent Board of Trustees, which denied petitioner's application for accidental disability retirement benefits and granted him ordinary disability retirement benefits, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The determination that petitioner's condition was not incurred in the line of duty had a rational basis. The evidence included the opinion of petitioner's treating cardiologist that petitioner's stroke was "associated with" congenital heart

defects which made a "presumptive diagnosis of paradoxical embolism a leading explanation for his stroke." Such evidence sufficed to rebut the statutory presumption set forth in General Municipal Law § 207-k (*see Matter of Higgins v Kelly*, 84 AD3d 520 [2011], *lv denied* 18 NY3d 806 [2012]; *Matter of Simmons v Herkommer*, 98 AD2d 651, 652 [1983], *affd* 62 NY2d 711 [1984]). Moreover, the opinion of petitioner's treating vascular neurologist, who opposed the determination that the stroke was related to petitioner's heart defects, was that the stroke was of unknown origin. A finding of unknown origin itself rebuts the statutory presumption that the disabling condition was incurred in the line of duty (*see Matter of Goldman v McGuire*, 101 AD2d 768, 769 [1984], *affd* 64 NY2d 1041 [1985]; *see also Matter of Gumbrecht v McGuire*, 117 AD2d 531, 533 [1986]). Concur— Mazzarelli, J.P., Friedman, Richter and Abdus-Salaam, JJ. **[Prior Case History: 2010 NY Slip Op 31016(U).]**