■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY MORALES, Appellant. [943 NYS2d 886]—Order, Supreme Court, New York County (Richard D. Carruthers, J.), entered on or about June 18, 2010, which denied defendant's CPL 440.46 motion for resentencing, unanimously affirmed.

The court properly exercised its discretion in determining that substantial justice dictated the denial of defendant's motion. Defendant's very extensive criminal history, along with other negative factors in his background, outweighed evidence of his rehabilitation (*see e.g. People v Correa,* 83 AD3d 555 [2011], *lv denied* 17 NY3d 805 [2011]). Concur—Tom, J.P., Sweeny, Renwick, Freedman and Abdus-Salaam, JJ.

■ In the Matter of STEPHEN MIKES, Appellant, v RAYMOND KELLY et al., Respondents. [944 NYS2d 145]—Judgment, Supreme Court, New York County (Marcy S. Friedman, J.), entered October 14, 2010, denying the petition and dismissing the proceeding brought pursuant to CPLR article 78, which sought to annul respondents' determination denying petitioner's application for accident disability retirement (ADR) benefits, unanimously affirmed, without costs.

Credible evidence supported the conclusion that petitioner's injuries did not warrant a grant of ADR benefits (*see generally Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund,* 90 NY2d 139, 145 [1997]). The Medical Board, upon repeated reviews of the relevant medical evidence and multiple examinations of petitioner, concluded that petitioner's complaints were not consistent with its objective physical findings, or were the result of degenerative conditions, not the result of a line-of-duty incident. The Board of Trustees was entitled to rely on the Medical Board's findings (*see Matter of Appleby v Herkommer,* 165 AD2d 727 [1990]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Renwick, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 2010 NY Slip Op 32669(U).]**