(February 14, 2013)

■ In the Matter of SOLVIEG MCAULEY, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [959 NYS2d 482]—

Judgment, Supreme Court, New York County (Eileen A.

Rakower, J.), entered May 4, 2010, denying the petition, inter alia, to annul respondents' determination, which denied petitioner's application for accident disability retirement benefits, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the judgment vacated, the petition granted to the extent of annulling the determination of the Board of Trustees of the New York City Police Department Pension Fund, Article II, and the matter remanded to the Board of Trustees for further proceedings.

Petitioner, a police officer (now retired), responded to the World Trade Center (WTC) to provide assistance following the September 11, 2001 attacks. She was assigned to rescue, recovery and clean up operations in the vicinity of the WTC and worked approximately 75 hours over five days between September 11 and 27, 2001. A triage form filled out on September 15, 2001 showed that petitioner was coughing and complaining of rib pain.

In December 2001, petitioner began coughing up bloody sputum. On February 11, 2002, she complained of difficulty breathing, chest pain, a cough, and congestion as a result of exposure to debris, smoke and or particulate matter in the air at the WTC, and the Police Department (NYPD) approved line of duty injury status for her. Petitioner was admitted to the hospital, where testing revealed a 3.5-centimeter mass in the basal segment of her right lung, obstructing the right lower-lobe bronchus. On March 2, 2002, petitioner underwent a thoracotomy to remove the carcinoid tumor.

On June 22, 2005, petitioner retired from the NYPD. Although she was approved for the Police Commissioner's application for ordinary disability retirement (ODR), the Board of Trustees denied her application for accident disability retirement (ADR) by virtue of a tie vote based on reports of the Medical Board finding that her respiratory disability was caused by the surgery performed to remove the tumor and that the tumor was not the result of her service at the WTC site.*

Ordinarily, a claimant filing for ADR benefits has the burden of proving causation in an administrative proceeding. However, Administrative Code of City of NY § 13-252.1 (1) (a) creates a presumption in favor of ADR benefits for police officers who performed rescue, recovery or cleanup operations at specified locations, including the WTC, stating: "Notwithstanding any

---

* Under New York City pension rules, police officers qualifying for ODR benefits generally get one half of their final salaries, which is taxable. Those qualifying for ADR get three quarters of their final salaries tax-free.

provisions of this code or of any general, special or local law, charter or rule or regulation to the contrary, if any condition or impairment of health is caused by a qualifying World Trade Center condition as defined in section two of the retirement and social security law, it shall be presumptive evidence that it was incurred in the performance and discharge of duty and the natural and proximate result of an accident not caused by such member's own willful negligence, unless the contrary be proved by competent evidence."

To qualify for the presumption, a claimant must have participated in operations at one of the enumerated locations for "any period of time within the forty-eight hours after the first airplane hit the towers" or "a total of forty hours accumulated any time between September eleventh, two thousand one and September twelfth, two thousand two" (Retirement and Social Security Law § 2 [36] [g] [i], [ii]). Petitioner fulfills this requirement. A claimant must also suffer from a statutorily defined qualifying condition, including "new onset diseases resulting from exposure as such diseases occur in the future including cancer" (Retirement and Social Security Law § 2 [36] [c] [v]). The issue is whether petitioner fulfills this requirement.

Although the WTC presumption is not a per se rule mandating enhanced accidental disability retirement benefits for first responders in all cases, the Pension Fund bears the initial burden of coming forward with affirmative credible evidence to disprove causation (*see Matter of Bitchatchi v Board of Trustees of the N.Y. City Police Dept. Pension Fund, Art. II*, 20 NY3d 268, 281-282 [2012]). Credible evidence "proceeds from a credible source and reasonably tends to support the proposition for which it is offered" and "must be evidentiary in nature and not merely a conclusion of law, nor mere conjecture or unsupported suspicion" (*Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 147 [1997]). The petitioner "carrie[s] no burden to offer any evidence of causation," and the Board may not "deny ADR benefits by relying solely on the absence of evidence tying the disability to the exposure" or "rely on petitioner's deficiencies to fill its own gap in proof" (*Bitchatchi*, 20 NY3d at 284, 282, 284).

In *Bitchatchi*, the Court of Appeals affirmed this Court's determinations in *Matter of Macri v Kelly* (92 AD3d 53 [1st Dept 2011]) and *Bitchatchi* (86 AD3d 427 [1st Dept 2011]) affirming Supreme Court decisions finding that no credible evidence rebutted the presumption that the petitioner's qualifying medical conditions were caused by work at the WTC. The Court reversed our determination in *Matter of Maldonado v Kelly* (86

AD3d 516 [1st Dept 2011]) affirming a finding of no causal relationship between WTC work and cancer based on the short amount of time between September 2001 and the discovery of the petitioner's tumor in November 2001. The Court of Appeals explained: "Under the statutory burden of proof, we believe the Board of Trustees did not satisfactorily rebut the presumption with credible evidence. Petitioner's cancerous tumor grew from the size of a walnut to a softball between September 2001 and November 2001. The Board and the courts below focused on the equivocal nature of the evidence submitted by petitioner in his attempt to demonstrate that the cancer was aggravated by his WTC exposure. In particular, they rejected the opinion of Dr. Sung provided in two letters as speculative and conjectural. But in light of the presumption, petitioner carried no burden to offer any evidence of causation. Simply put, the Board could not rely on petitioner's deficiencies to fill its own gap in proof" (*Bitchatchi*, 20 NY3d at 284).

Here, petitioner advised the Board that she did not smoke. The record shows no history of cancer before petitioner's WTC exposure and the Medical Board cited no credible evidence to the contrary. Rather, in recommending that petitioner's application for ADR be denied, the Medical Board, in its report dated December 12, 2008, stated: "9. It is the opinion of the Article II Medical Board that although Retired Police Officer McAuley was exposed to World Trade Center dust, the size of her tumor, namely 3.5cm, discovered a few months following her exposure, (hemoptysis bloody sputum) which is a typical sign of carcinoid tumor dating to December 2001, make it impossible that the tumor is related to her exposure. This is so because it would take a tumor of this size and this grade malignancy a much longer time to have developed and become clinically evident. She had an uneventful surgical procedure and delivered a normal child subsequently. In summary, the officer has had a successful thoracotomy and a right lower lobectomy with subsequent mild pulmonary insufficiency and is considered to be disabled for Ordinary Disability Retirement but not World Trade Center related disability."

However, as in *Maldonado*, this conjecture, based on the size of the tumor alone, does not suffice to rebut the WTC presumption. Petitioner's tumor was discovered on February 14, 2002 by a CT chest scan. While she complained of chest pains once in 1999, there is no record of treatment for a lung condition until she complained of pulmonary issues on September 15, 2001 and December 23, 2001.

Respondents argue that because the Board of Trustees' deter-

mination was reached by a tie vote, the court may not set aside the denial of ADR unless it can conclude as a matter of law that the disability was the natural and proximate result of a service-related incident. However, this too was rejected in *Bitchatchi*. As the Court of Appeals explained, "[T]he Board misapprehends the significance of the WTC presumption. When the Board fails to rebut the presumption, the WTC statute presumes causation and contemplates the award of ADR benefits—even if the claimant offers no medical proof" (20 NY3d at 283).

Accordingly, because the record contains no affirmative credible evidence supporting the determination that petitioner's carcinoid lung tumor and pulmonary disease were not incurred in the line of duty, we reverse, and hold that petitioner is entitled to ADR benefits pursuant to the WTC presumption, which respondents failed to rebut. Since petitioner has been receiving ODR benefits in the interim, the matter is remitted to the Board for a recomputation of the appropriate level of benefits. Concur—Mazzarelli, J.P., Andrias, Acosta, Moskowitz and Abdus-Salaam, JJ.