Matter of Hayden v Bratton (2018 NY Slip Op 00025)





Matter of Hayden v Bratton


2018 NY Slip Op 00025


Decided on January 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2018

Richter, J.P., Tom, Kapnick, Kern, Moulton, JJ.


5340 102025/15

[*1]In re Gerard Hayden, Petitioner-Appellant,
v
William J. Bratton, etc., et al., Respondents-Respondents.


Ungaro & Cifuni, New York (Nicholas Cifuni of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Antonella Karlin of counsel), for respondents.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered August 12, 2016, which denied the petition to annul respondents' determination, dated August 12, 2015, denying petitioner's application for accidental disability retirement, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner failed to establish a causal connection between his disabling condition, acoustic neuroma, which has not been previously recognized as a "new onset disease[]," under Retirement and Social Security Law § 2(36)(c)(v), and his exposure to World Trade Center contaminants (see Matter of Ryan v Kelly, 154 AD3d 629 [1st Dept 2017]; Matter of Stavropoulos v Bratton, 148 AD3d 449, 453 [1st Dept 2017]). Petitioner's neuro-oncologist, his only physician to comment on causation, stated that "[i]t is possible that . . . exposure may have contributed to pathogenesis." This combination of "possible" and "may" consists of speculation, which, absent explanation or supporting medical, epidemiological, or other evidence, does not satisfy the evidentiary standard for previously unrecognized "new onset diseases" (see Stavropoulos at 453). There is no basis to set aside the finding of the Board of Trustees, reached by a tie vote, as a matter of law (see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d 139, 145 [1997]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2018
CLERK