Matter of Medina v Shea (2021 NY Slip Op 00802)





Matter of Medina v Shea


2021 NY Slip Op 00802


Decided on February 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 09, 2021

Before: Renwick, J.P., Kern, Mazzarelli, Oing, JJ. 


Index No. 161811/19 Appeal No. 13075 Case No. 2020-03875 

[*1]In the Matter of Adrianna Medina, Petitioner-Appellant,
v
Dermot F. Shea etc., et al., Respondents-Respondents.


Hegge & Confusione, LLC, New York (Michael Confusione of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Susan Paulson of counsel), for respondents.



Judgment, Supreme Court, New York County (Lynn R. Kotler, J.), entered August 27, 2020, denying the petition seeking to annul respondents' determination dated March 19, 2019, which denied petitioner's application for accidental disability retirement pension benefits under Administrative Code of City of NY § 13-252, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner brought this article 78 proceeding against respondents seeking to annul a determination by the Police Pension Fund Board of Trustees (PPF Board), denying her accidental disability retirement (ADR) pension benefits, based upon a finding by the PPF's Medical Board that her disability stemmed from an unsuccessful spinal surgery and not from a line-of-duty incident.
Where, as here, the PPF Board's determination is reached as a result of a tie vote, a reviewing court may not set aside its denial of ADR benefits "unless it can be determined as matter of law on the record that the disability was the natural and proximate result of a service-related accident" (Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d 139, 145 [1997] [internal quotation marks omitted]). The Medical Board's determination, and its acceptance by the Board of Trustees, must be sustained so long as there is some credible evidence which supports it (see Matter of Santangelo v Kelly, 81 AD3d 439, 440 [1st Dept 2011]; see also Matter of Macri v Kelly, 92 AD3d 53, 59 [1st Dept 2011], affd 20 NY3d 268 [2012]). A court may not substitute its judgment for that of the Medical Board (see Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 761 [1996]).
Contrary to petitioner's contentions, the record shows that the Board reviewed all of the relevant evidence, including her medical records, and conducted three separate evaluations before reaching its final determination awarding ODR benefits (see Matter of Murano v Kelly, 125 AD3d 521, 521 [1st Dept 2015], lv denied 27 NY3d 904 [2016]). Since there is credible evidence in the record to support the Medical Board's determination, the PPF Board's denial of ADR benefits should not be disturbed (see Meyer, 90 NY2d at 145). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2021