Matter of Soto v Shea (2022 NY Slip Op 03356)





Matter of Soto v Shea


2022 NY Slip Op 03356


Decided on May 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2022

Before: Renwick, J.P., Friedman, Gesmer, Mendez, Higgitt, JJ. 


Index No. 161792/19 Appeal No. 15987 Case No. 2021-03351 

[*1]In the Matter of Juan Soto, Petitioner-Appellant,
v
Dermot F. Shea etc., et al., Respondents-Respondents.


Goldberg & McEnaney, LLC, Port Washington (Timothy McEnaney of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Claibourne Henry of counsel), for respondents.



Judgment, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about February 26, 2021, denying the petition to annul the determination of respondent Board of Trustees of the Police Pension Fund, dated August 14, 2019, which denied petitioner accident disability retirement benefits, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The determination of the Medical Board of the Police Pension Fund that petitioner's disability was caused by his November 2012 line-of-duty (LOD) incident, rather than his January 2016 LOD incident, is supported by credible evidence (see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1—B Pension Fund, 90 NY2d 139, 144-145 [1997]; Matter of Guzman v Safir, 293 AD2d 281 [1st Dept 2002], lv denied 98 NY2d 614 [2002]). Petitioner's medical records, including his treating surgeon's notes following both incidents, show that petitioner sustained a devastating injury to his right elbow when he slipped and fell at the precinct in November 2012 and that his complaints of numbness and tingling in his right elbow predated the January 2016 LOD incident by two years (see Matter of MacPherson v Kelly, 95 AD3d 570 [1st Dept 2012], lv denied 20 NY3d 855 [2013]).
Credible evidence also supports the conclusion of the Board of Trustees that the November 2012 LOD incident was not an accident within the meaning of the Administrative Code (see Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982]; Matter of Henriquez v Kelly, 116 AD3d 486 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 24, 2022