Matter of Ling Lin v Sewell (2025 NY Slip Op 01170)

Matter of Ling Lin v Sewell

2025 NY Slip Op 01170

Decided on February 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2025

Before: Moulton, J.P., Gesmer, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 150676/23|Appeal No. 3775|Case No. 2024-01595|

[*1]In the Matter of Ling Lin, Petitioner-Appellant,
v
Keechant Sewell etc., et al., Respondents-Respondents.

Chet Lukaszewski, P.C., Mineola (Chester Lukaszewski of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Pauline Esman of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Erika M. Edwards, J.), entered December 6, 2023, denying the petition to annul the determination of respondent Board of Trustees, dated October 12, 2022, which denied petitioner's application for accidental disability retirement (ADR) benefits, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner did not sustain his burden of showing that the Trustees' determination to deny his application for ADR benefits and approve his application for ordinary disability retirement benefits was arbitrary and capricious or unlawful as a matter of law. The Trustees relied upon the Medical Board's findings, which constitute expert medical opinion based on evidentiary proof, and supported its conclusion that petitioner's disabling degenerative disc disease was not caused by line of duty injuries (see Matter of Meyer v Board of Trustees of the N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d 139, 147-148 [1997]). The Medical Board based this conclusion on the MRIs taken on December 14, 2011, December 14, 2012, June 30, 2013, July 12, 2015, and September 18, 2020, as well as the June 4, 2015 opinion of one of petitioner's doctors and its own physical examinations of petitioner (see Matter of Lamar v Nigro, 223 AD3d 470, 470 [1st Dept 2024], lv denied 42 NY3d 909 [2024]; Matter of Russell v New York City Fire Pension Fund, 192 AD3d 442, 443 [1st Dept 2021]). Moreover, the Medical Board expressly rejected petitioner's claim that multiple line of duty incidents exacerbated his underlying condition, based on a comparison of MRIs taken before and after various line of duty incidents.
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2025