Matter of Cacciatore v Tisch
2026 NY Slip Op 03626
June 9, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Peter Cacciatore, Petitioner-Appellant,
v
Jessica S. Tisch, etc., et al., Respondents-Respondents.

Decided and Entered: June 09, 2026
Index No. 161781/24|Appeal No. 6844|Case No. 2025-05832|
Before: Webber, J.P., Gesmer, Mendez, Rodriguez, Hagler, JJ.

Law Office of Timothy McEnaney, P.C., Port Washington (Timothy McEnaney of counsel), for appellant.
Steven Banks, Corporation Counsel, New York (Stephanie Teplin of counsel), for respondents.

[*1]
Judgment (denominated an order), Supreme Court, New York County (Gerald Lebovits, J.), entered on or about July 7, 2025, which denied the petition to annul a determination of respondent Board of Trustees of the Police Pension Fund, dated August 15, 2024, denying petitioner's application for accidental disability retirement (ADR) benefits, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner suffers from posttraumatic stress disorder and major depressive disorder following a line-of-duty incident that occurred on January 15, 2009. Petitioner responded to the scene of a stabbing to find his fellow officer stabbed through the eye into his brain as well as in the torso. Petitioner held his fellow officer's dislodged eye in its socket and applied pressure to his torso wound while two other officers attempted to control the perpetrator who was still wielding a knife. None of the parties dispute that the incident caused petitioner's condition.
Where, as here, the Board's determination is reached as a result of a tie vote, "a reviewing court may not set aside [the Board's] denial of ADR benefits unless it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service-related accident" (see Matter of Medina v Shea, 191 AD3d 475, 476 [1st Dept 2021], lv denied 37 NY3d 903 [2021]). The events of January 15, 2009, were not, as a matter of law, "accidental" for the purposes of ADR benefits (id.). Under the governing standard, responding to a dangerous crime scene, witnessing violence and human suffering, and fearing for his own safety were within the "risk[s] inherent in [petitioner's] regular job duties" as a police officer (Matter of Compagnone v DiNapoli, 42 NY3d 1075, 1076 [2024] [internal quotation marks omitted]; see Matter of McQuade v New York State Comptroller, 236 AD3d 1290, 1292 [3d Dept 2025]; Matter of Cummings v Regan, 107 AD2d 968, 969 [3d Dept 1985]).
We decline to consider petitioner's argument, raised for the first time in his reply brief, that the exacerbation of his condition during the pandemic provides an independent basis for ADR.
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2026