■ In the Matter of RONALD A. MACKEY, Appellant, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Michael Dontzin, J.), entered on or about May 3, 1989, which dismissed the CPLR article 78 petition seeking to annul and vacate respondent Police Commissioner's determination denying petitioner accident disability retirement, unanimously affirmed, without costs.

Petitioner sustained a line-of-duty injury on October 4, 1974 when he fell down steps and separated his right shoulder. Corrective surgery was performed on petitioner's shoulder on October 8, 1974. Following physical therapy on an outpatient basis, petitioner returned to full-duty status. For the next eight years, petitioner submitted no further medical claims, nor did he seek additional medical treatment.

In or about May 1985, petitioner, who at the time was 46 years old, began to develop an arthritic condition in the right shoulder. Conflicting medical evidence was obtained from several physicians regarding the severity of petitioner's osteoarthritic condition and the need for corrective surgery. The Medical Board examined X rays taken in April 1986 and found "no evidence of any significant radiographic abnormalities" in petitioner's right shoulder. Petitioner elected to undergo corrective surgery on his right shoulder on April 7, 1986. When the Medical Board next examined the petitioner, it recommended approval of ordinary disability upon a finding of a loss of strength and the onset of atrophy in petitioner's right arm, as well as a limitation in the range of motion of the right shoulder.

Petitioner failed to sustain his burden of establishing a causal connection between his shoulder injury of October 1974 and his disabling osteoarthritis. Petitioner did not introduce any persuasive evidence substantiating his claim that his disability was related to the accident. The Medical Board considered the medical evidence on six separate occasions and provided specific reasons for finding no connection between the injury and the disability. It was not incumbent on the

Board to provide an alternate explanation for causation *(see, Matter of Bombacie v Board of Trustees,* 74 AD2d 530). The Medical Board was entitled to give weight to the fact that for a period of eight years after surgical repair of petitioner's separated shoulder, petitioner was able to perform his duties without the need for medical attention *(see, e.g., Matter of Scotto v Board of Trustees,* 76 AD2d 774, 775, *affd* 54 NY2d 918). Concur—Murphy, P. J., Sullivan, Carro, Kassal and Wallach, JJ.