■ In the Matter of JOSEPH P. CALZERANO, Appellant, v BOARD OF TRUSTEES OF THE NEW YORK CITY POLICE PENSION FUND, ARTICLE II, et al., Respondents. [664 NYS2d 451] —Judgment, Supreme Court, New York County (Edward Greenfield, J.), entered October 11, 1996, which denied petitioner's application pursuant to CPLR article 78 to annul respondents' determination denying petitioner an accident disability pension, and dismissed the petition, unanimously affirmed, without costs.

Petitioner, a former New York City police officer, failed to meet his burden of establishing a causal connection between his line-of-duty injuries in 1987 and 1990 and the disability to his left knee that forced him to retire in 1993 (*see, Matter of Duggan v Ward*, 160 AD2d 533). Petitioner lost no time from work as a result of the 1987 accident, and he did not even allege an injury to his left knee arising out of the 1990 accident. Moreover, the orthopedist who saw petitioner in 1987 found only a contusion to the left knee, and deemed him fit to return to full duty, which petitioner did, and which entailed field work until 1990. The evidence of lack of medical treatment, immediate return to full duty, and the substantial lapse of time between the injuries and the onset of the ultimate disability constitute substantial evidence of lack of causal connection (*see, supra; Matter of Mackey v Ward*, 166 AD2d 379). There is no merit to petitioner's argument that respondent Board of Trustees lacked authority to reject the Medical Board's determination of causal connection, it being settled that the Board of Trustees, while bound by the Medical Board's determination of disability, is entitled to make its own determination regarding causation (*see, Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760; *Matter of Canfora v Board of Trustees*, 60 NY2d 347, 351). Nor is there merit to petitioner's due process arguments. As the Federal District Court already determined in a related matter commenced by

petitioner, he was given an adequate opportunity to present his case to the Trustees (*Calzerano v Board of Trustees*, 877 F Supp 161), and the tie vote procedure employed by the Trustees has long been recognized as proper (*see, Matter of Meyer v Board of Trustees*, 90 NY2d 139, 143, citing *Matter of Canfora v Board of Trustees, supra*, at 351-352, citing *Matter of City of New York v Schoeck*, 294 NY 559). Concur—Milonas, J. P., Rosenberger, Nardelli, Rubin and Mazzarelli, JJ.