■ In the Matter of LEONA DELESTON, Appellant, v HOWARD SAFIR, as Police Commissioner of the City of New York and as Chair of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [742 NYS2d 57] —Order, Supreme Court, New York County (Charles Tejada, J.), entered August 12, 1999, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to annul respondents' determination, dated on or about August 13, 1997, denying petitioner accident disability retirement benefits, unanimously affirmed, without costs.

Where, as here, accident disability benefits are denied as a consequence of a tie vote of respondent Board of Trustees, the denial may not be judicially disturbed unless the petitioner establishes that the determination is completely unsupported by credible evidence in the record, and that the disability at issue is, as a matter of law, the natural and proximate result of a service-related accident (see, Matter of Meyer v Board of Trustees, 90 NY2d 139; Matter of Guzman v Safir, 293 AD2d 281). Petitioner has not met this burden. The normal CAT scan taken of petitioner two days after her accident and the report of the independent neurologist indicating that petitioner had, prior to her accident, suffered from "right cerebral occlusive disease of unclear etiolgy," constituted credible evidence supporting the Board's determination. While it is true that the Medical Board found that petitioner's disability was caused by head trauma sustained while petitioner was on-duty, the Medical Board's finding upon the issue of causation was not binding upon the Board of Trustees (see, Matter of Calzerano v Board of Trustees of N.Y. City Police Pension Fund, 245 AD2d 84). Concur—Buckley, J.P., Sullivan, Lerner and Friedman, JJ.