■ In the Matter of KEVIN F. DOYLE, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York, et al., Respondents. [779 NYS2d 32]—

Judgment, Supreme Court, New York County (Rosalyn Richter, J.), entered May 13, 2003, which denied petitioner's application to annul respondents' determination denying petitioner an accident disability pension by virtue of a tie vote of respon-

dent Board of Trustees and dismissed the petition, unanimously affirmed, without costs.

We cannot say as a matter of law that petitioner's disabling injury, sustained when he tripped over computer wiring in the Internal Affairs Bureau Command Center where he was assigned, was the result of an accident and not his own misstep (*see Matter of Starnella v Bratton*, 92 NY2d 836, 839 [1998]; *Matter of Mejia v Kerik*, 301 AD2d 385 [2003], *lv denied* 100 NY2d 502 [2003]). Absent evidence as to the exact location of the wiring, how long it had been there and how conspicuous it was, a finding cannot be made that petitioner was unaware of the wiring, and absent such a finding, it cannot be said as a matter of law that his fall was an accident (*compare Matter of Nicholas v Safir*, 297 AD2d 220 [2002], *lv denied* 99 NY2d 503 [2002], *with Matter of Flannelly v Board of Trustees*, 278 AD2d 113 [2000]). To the extent that petitioner relies on a line of duty accident that occurred 14 years earlier, it cannot be said, as matter of law, that his current disabling injuries were caused by such accident (*see Matter of Meyer v Board of Trustees*, 90 NY2d 139, 145 [1997]). Some credible evidence of lack of causation (*see id.*) are the conservative treatment that petitioner received after the earlier accident and his return to full duty for some 14 years (*see Matter of Calzerano v Board of Trustees*, 245 AD2d 84 [1997]). Concur—Buckley, P.J., Nardelli, Andrias, Williams and Gonzalez, JJ.