■ In the Matter of LANA BAILEY, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York, et al., Respondents. [782 NYS2d 263]—

Order, Supreme Court, New York County (Michael Stallman, J.), entered September 19, 2003, which denied the petition brought pursuant to CPLR article 78 seeking to annul the determination of the Board of Trustees of the Police Pension Fund, Article II, insofar as it had denied her application for accidental disability retirement benefits, unanimously affirmed, without costs.

The Medical Board interviewed petitioner, conducted a physical examination and reviewed her application and supporting medical documentation, which was not dispositive on the issue of whether her disability was "a natural and proximate result of

an accidental injury received in . . . city-service" (Administrative Code of City of NY § 13-252). The Board of Trustees is entitled to rely on the Medical Board's recommendation as to causation even in the face of conflicting evidence (*Matter of Bevers v New York City Employees' Retirement Sys.*, 179 AD2d 489 [1992], *lv denied* 79 NY2d 758 [1992]), as long as it is based on some credible evidence (*Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756 [1996]). Concur— Buckley, P.J., Mazzarelli, Saxe, Ellerin and Gonzalez, JJ.