■ In the Matter of NICHOLAS VISCONTI, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York, and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [852 NYS2d 117]—

Petitioner sustained back injuries in a 1994 line-of-duty accident and a 1999 line-of-duty incident while removing a spare tire from a police vehicle, the latter of which was not an "accident" for pension purposes (*see Matter of Menna v New York City Employees' Retirement Sys.*, 59 NY2d 696 [1983]).

The Board of Trustees' determination in 2004 that the 1999 injury was the competent causal factor of petitioner's disability was supported by some credible evidence, and its ruling was neither arbitrary nor capricious (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760-761 [1996]).

After reevaluating its position as to the cause of petitioner's disability, in light of the gap in treatment between the two injuries, the Medical Board concluded that the 1999 injury was the competent causal factor. This finding is supported by

petitioner's conservative treatment for the 1994 injury, the subsequent gap in treatment, and his return to full duty (*see Matter of Doyle v Kelly*, 8 AD3d 125, 126 [2004]; *Matter of Calzerano v Board of Trustees of N.Y. City Police Pension Fund, Art. II*, 245 AD2d 84 [1997]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Andrias, J.P., Friedman, Buckley, McGuire and Moskowitz, JJ.