■ In the Matter of MICHAEL BAUDILLE, Appellant, v RAYMOND KELLY et al., Respondents. [942 NYS2d 865]—

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered May 25, 2011, denying the petition brought pursuant to CPLR article 78 seeking to annul the determination of respondents, dated September 8, 2010, which denied petitioner accidental disability retirement benefits, and dismissing the proceeding, unanimously affirmed, without costs.

There was a rational basis for respondents' determination (*see generally Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760 [1996]). The record shows that an MRI taken shortly after petitioner's line-of-duty accident found the glenoid labrum and capsular mechanism within normal limits, he resumed full duty after 20 days, and he had no documented treatment or complaints for over seven years, until he sustained the new injury in 2008, which was admittedly not a line-of-duty accident. Petitioner failed to sustain his burden of demonstrating that there was no medical evidence which supported respondent Board of Trustees' rejection of the Medical Board's recommendation (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 145 [1997]; *Matter of Deleston v Safir*, 294 AD2d 207 [2002]; *Matter of Calzerano v Board of Trustees of N.Y. City Po-*

*lice Pension Fund, Art. II*, 245 AD2d 84 [1997]). Concur—Mazzarelli, J.P., Acosta, Renwick and Richter, JJ. **[Prior Case History: 31 Misc 3d 1232(A), 2011 NY Slip Op 50927(U).]**