Matter of Chacon v O'Neill (2019 NY Slip Op 06151)





Matter of Chacon v O'Neill


2019 NY Slip Op 06151


Decided on August 20, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2019

Richter, J.P., Manzanet-Daniels, Webber, Kern, JJ.


9304 101644/16

[*1]In re Aura Chacon, Petitioner-Respondent,
v
James O'Neill, etc., et al., Respondents-Appellants.


Zachary W. Carter, Corporation Counsel, New York (Ellen Ravitch of counsel), for appellants.
Chester Lukaszewski, P.C., Garden City (Chester Lukaszewski of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered August 25, 2017, annulling the determination of respondent Board of Trustees, dated June 8, 2016, which denied petitioner's application for accidental disability retirement, and remanding the matter to the Board, unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.
Because the Board of Trustees's denial of petitioner's application for accident disability retirement was the result of a tie vote, the issue for the reviewing court was whether there was any credible evidence of lack of causation, i.e., evidence that the disability was not the natural and proximate result of the 1996 service-related accident (see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d 139, 144-145 [1997]; Matter of Baudille v Kelly, 95 AD3d 415, 415 [1st Dept 2012]). In this record there is some credible evidence of lack of causation, namely, the conservative treatment petitioner received after the accident and petitioner's return to full duty for approximately 14 years before seeking further treatment (see Matter of Doyle v Kelly, 8 AD3d 125 [1st Dept 2004]; Matter of Baudille, 95 AD3d 415). Moreover, neither the Medical Board nor petitioner's physician were able to explain why the purported disabling injury did not prevent her from returning to full time duty for 14 years without further complaint.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 20, 2019
DEPUTY CLERK