Matter of Lopez v Shea (2022 NY Slip Op 01517)





Matter of Lopez v Shea


2022 NY Slip Op 01517


Decided on March 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 10, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, González, Shulman, Rodriguez, JJ. 


Index No. 2021-02301 Appeal No. 15486 Case No. 151637/20 

[*1]In the Matter of David Lopez, Petitioner-Appellant,
v
Dermot F. Shea etc., et al., Respondents-Respondents.


Goldberg & McEnaney, LLC, Port Washington (Timothy McEnaney of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondents.



Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered January 5, 2021, denying the petition to vacate respondents' determination, dated November 6, 2019, which denied petitioner's application for accident disability retirement benefits (ADR), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
There is credible evidence supporting respondent Board of Trustees' decision to adopt the Medical Board's finding of a lack of causation between the injury that petitioner sustained on October 20, 2011 (in his third line-of-duty accident) and his subsequent disability (see Matter of Visconti v Kelly, 49 AD3d 273 [1st Dept 2008]). The Medical Board based its final report on the following facts. After the 2011 incident, petitioner was treated briefly for lower-back pain and released, and he returned to full duty. Thereafter, petitioner had no pain radiating down his leg, and no radiological studies were done. Petitioner did not seek further treatment until April 2013, when he was diagnosed with a herniated lumbar disk and sciatica. He underwent a laminectomy and discectomy procedure, and returned to full duty when so authorized in July 2013. Thereafter, he remained on full duty until 2016, when he underwent another surgery following his fourth line-of-duty injury.
The record establishes that the Medical Board reviewed all of petitioner's evidence concerning his 2013 lumbar fusion surgery after the October 20, 2011 incident, and concluded that it was insufficient to demonstrate a causal connection between the injury he sustained in that incident and his 2018 disability determination. The Board of Trustees chose to rely on the Medical Board's determination, as it is permitted to do even where there is conflicting evidence (see Matter of Bailey v Kelly, 11 AD3d 208, 209 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2022