■ In the Matter of ALBERT NEMECEK, Respondent, v BOARD OF TRUSTEES OF THE NEW YORK CITY FIRE DEPARTMENT, ARTICLE 1-B PENSION FUND, by CHARLES J. HYNES, as Chairman, et al., Appellants. — Order and judgment (one paper), Supreme Court, New York County (R. W. Wallach, J.), entered October 14, 1982, directing appellant board of trustees to retire petitioner forthwith with an ordinary disability retirement allowance, is unanimously reversed, on the law, the determination of the board of trustees retiring petitioner on mandatory retirement due to age, and denying petitioner disability retirement, is reinstated, and the petition is dismissed, without costs. ¶ The New York City Fire Department, Article 1-B Pension Fund Medical Board (Medical Board) determined that petitioner is not disabled from the full performance of the duties of a deputy chief of the fire department, and accordingly, recommended that his application for a medical disability retirement be denied. The board of trustees acted on this recommendation and denied petitioner medical disability retirement. ¶ The claimed medical disability is based upon the fact that petitioner has had a lens implant incident to an eye cataract extraction, i.e., his condition is diagnosed as "post cataract extracted with lenticular implant". ¶ "The board of trustees must accept the report of the examining board concerning the physical or mental qualifications of the members * * * [W]hether or not the member is physically or mentally

disqualified is a scientific question which must be determined by the experts who examine the member and whose determination in that regard is final." (*Matter of City of New York v Schoeck*, 294 NY 559, 566.) The determination of the Medical Board is not without some evidence to support it. As the Fire Department Chief Medical Officer Dr. Jones (not a member of the Medical Board, and in favor of granting disability retirement) said in answer to the question what would happen if petitioner was hit with a burst of hot steam or a backdraft: "Actually, what would happen is what happens to any normal eye. But the thing was that the medical physician feels about this man is that this is a new technique and doctors have very little experience in its long-range results * * * We don't know enough about it to say yes, he is fit for full duty." The burden of proof of disability to entitle a member of the fire department to disability retirement is on the retiree. (Cf. *Matter of Drayson v Board of Trustees of Police Pension Fund*, 37 AD2d 378, 380, affd 32 NY2d 852.) ¶ The fire department's medical *division* (not the Pension Fund Medical *Board*) took a more cautious approach and ordered petitioner to limited duty. But the question of disability for pension retirement purposes is confided to the Pension Fund Medical Board (Administrative Code of City of New York, § B19-7.83). The Medical Board said: "It is our unanimous opinion that Chief Nemecek is not presently disabled from the full performance of the duties of a Deputy Chief in the Fire Department. This does not mean that we disagree with the actions of the Fire Department Medical Officers in putting him on Limited Service as a precaution." In view of the Medical Board's flat determination that petitioner is not presently disabled, the following statement that this does not mean that the Medical Board disagrees with the actions of the fire department's medical office is fairly to be read as a recognition that the two medical groups — the Pension Fund Medical Board and the fire department medical division — have different responsibilities with different burdens of proof, etc., and that the Medical Board does not presume to interfere with or criticize the way the fire department medical *division's* doctors discharge their somewhat different responsibilities. Concur — Kupferman, J. P., Silverman, Fein, Kassal and Alexander, JJ.