■ In the Matter of SCOTT BARDEN, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [738 NYS2d 18] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about October 10, 2000, which denied petitioner correction officer's application to annul respondents' determination denying petitioner an accidental disability retirement pension pursuant to Retirement and Social Security Law § 507-a (b) (3), unanimously affirmed, without costs.

The Medical Board's conclusions, that petitioner is not physically disabled from continuing his duties as a correction officer, and that while he is psychiatrically disabled, the disability is not causally related to any line of duty incidents, are supported by credible evidence, namely, the Medical Board's physical examinations of petitioner and a psychiatric evaluation performed by a consulting psychiatrist. Therefore, the determi-

nation should not be judicially disturbed (*see, Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 759, 760-761). The record does not support petitioner's claim that significant evidence of his disabilities was not considered by the Medical Board, which has sole authority to resolve any conflicts between the medical evidence adduced by petitioner and that adduced by its own examinations (*see, id.* at 761). The finding of disability by the Social Security Administration, which the Medical Board indicated it considered, did not constrain the Medical Board on the issue of whether petitioner is disabled (*see, id.* at 759; *Matter of Reid v Kelly*, 235 AD2d 361). Concur—Mazzarelli, J.P., Saxe, Sullivan, Wallach and Friedman, JJ.