■ In the Matter of DONALD BANSLEY, Appellant, v HOWARD SAFIR et al., Respondents. [748 NYS2d 866] —Judgment, Supreme Court, New York County (Jane Solomon, J.), entered April 4, 2001, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to annul the determination of respondent Board of Trustees of the Police Pension Fund denying petitioner's application for accident disability retirement benefits, unanimously affirmed, without costs.

The determination by respondent Medical Board of the Police Pension Fund, that the petitioner was not disabled for police duty at the time of his retirement, but rather that his condition had deteriorated after his retirement, was based on the Medical Board's numerous examinations of petitioner and its reviews of petitioner's medical reports and objective test results. Although the petitioner's surgeon and one member of the Medical Board had a contrary interpretation of petitioner's injury—viewing it as one that had progressed over time due to a preretirement accident—the determination of the Medical Board majority was nonetheless based on at least some credible evidence. Accordingly, neither that determination nor the consequent determination of respondent Board of Trustees denying petitioner accident disability retirement benefits may be judicially disturbed (*see Matter of Borenstein v New York*

*City Employees' Retirement Sys.*, 88 NY2d 756, 760-761). Concur—Nardelli, J.P., Mazzarelli, Saxe and Marlow, JJ.