■ In the Matter of SCOTT BISIANI, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York, and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents-Respondents. [833 NYS2d 72]—

Judgment, Supreme Court, New York County (Doris Ling-Cohan, J.), entered November 23, 2005, which denied petitioner police officer's application to annul respondent Board of Trustees' determination denying petitioner accidental disability retirement benefits, and dismissed the petition, unanimously affirmed, without costs.

Petitioner claims that his disabling trip and fall was caused by a crack in the station house floor and a broken wooden bannister that gave way when he grabbed hold of it in an attempt to break the fall. Where, as here, the denial of accidental disability retirement benefits is the result of a tie vote by the Board of Trustees, such denial can be annulled only if the applicant is entitled to accidental disability benefits as a matter of law (*Matter of McCambridge v McGuire*, 62 NY2d 563, 568 [1984]). Given the various accounts of the incident that do not unvaryingly mention a crack in the floor, the absence of any evidence as to the exact size and location of the crack, and the absence of any work or repair order for the floor, it cannot be said as a matter of law that petitioner's trip and fall was caused by a crack in the floor rather than his own misstep (*see Matter of Starnella v Bratton*, 92 NY2d 836, 839 [1998]; *Matter of Doyle v Kelly*, 8 AD3d 125 [2004]). Nor can it be said as a matter of law that a broken bannister contributed to petitioner's fall. The Board was entitled to credit contemporaneous accounts that did not mention a defective bannister as a factor in petitioner's fall and discredit the subsequent affidavits that did (*see Matter of Gray v Kerik*, 15 AD3d 275 [2005]). Certainly, the subsequent statements are not, as a matter of law, more reliable than the earlier ones (*see Matter of Morgan v Kerik*, 305 AD2d 288 [2003], *lv denied* 1 NY3d 507 [2004]). Concur—Saxe, J.P., Friedman, Sweeny, McGuire and Malone, JJ.