■ In the Matter of RICHARD GULLO, Appellant, v RAYMOND W. KELLY, as Police Commissioner of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [855 NYS2d 499]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered February 6, 2007, which denied the petition seeking to annul respondents' determination denying accident disability retirement benefits, unanimously affirmed, without costs.

The Medical Board examined petitioner three times, and detailed the objective evidence it considered and relied upon in reaching its determination. That determination was supported by substantial evidence, and was neither arbitrary nor capricious (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 761 [1996]). While the opinions of petitioner's experts may have supported conclusions at variance with those reached by the Board, the latter's resolution of the conflicting medical evidence cannot be said to have been erroneous as a matter of law (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 145-146 [1997]).

The Medical Board found that the medical evidence submitted did not establish petitioner's disability at the time of his retirement (*see Matter of Bansley v Safir*, 299 AD2d 185 [2002]). Although the relevant date of separation for the purpose of disability is the date of separation from service, the Board did consider many reports from petitioner's doctors dated after his retirement, but concluded that this evidence did not establish petitioner's disability. Concur—Mazzarelli, J.P., Andrias, Friedman and Sweeny, JJ.