In the Matter of Edwin Ortiz, Appellant, v Raymond Kelly, as Police Commissioner of City of New York, and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [941 NYS2d 148]—

Order and judgment (one paper), Supreme Court, New York County (Judith J. Gische, J.), entered November 12, 2010, which denied the petition brought pursuant to article 78 seeking to annul the determination of respondents, dated July 10, 2009, denying petitioner retired police officer's application for line of duty Accidental Disability Retirement (ADR) benefits, and dismissed the proceeding, unanimously affirmed, without costs.

The record provides credible evidence to support the Medical Board's findings that petitioner's left shoulder complaints did not warrant a grant of ADR benefits, inasmuch as the complaints pertaining to a "stretch injury" of the brachial plexus were not substantiated by objective medical testing, which included MRI results and EMG/NCV studies. Moreover, there was no evidence of internal derangement of petitioner's left shoulder, apart from mild deficits, and petitioner's own physician found a full range of motion in the left shoulder upon post-operative testing (see generally Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760-761

[1996]; *Matter of Goffred v Kelly*, 13 AD3d 72 [2004]). The Medical Board's finding that petitioner was not disabled and could return to the regular duties of a police officer was supported by some credible evidence in the record. The conflicting medical opinion offered by petitioner's physicians as to his claimed disability was not substantiated by objective medical proof.

The fact that the Police Department's orthopedic surgeon found petitioner physically unfit for purposes of his application seeking reinstatement to the Police Department—which was denied—did not stand as a direct contradiction to the Medical Board's determination that petitioner was not disabled within the meaning of Administrative Code of City of NY § 13-252 or eligible for disability benefits (*see generally Matter of Nemecek v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 99 AD2d 954 [1984]). Concur—Friedman, J.P., DeGrasse, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 2010 NY Slip Op 32495(U).]**