In the Matter of LLOYD DRUMMOND, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, Respondent. [951 NYS2d 214]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the New York City Employees' Retirement System dated February 12, 2009, which, upon adopting the recommendation of the Medical Board of the New York City Employees' Retirement System, denied the petitioner's application for disability retirement, the petitioner appeals from a judgment of the Supreme Court, Kings County (Partnow, J.), entered April 15, 2011, which, upon an order of the same court dated November 23, 2010, denied the petition and dismissed the proceeding.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed a premature notice of appeal from the judgment (see CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The Medical Board of the New York City Employees' Retirement System (hereinafter the Medical Board) determines whether a member applying for disability retirement is disabled (see Administrative Code of City of NY § 13-167 [b]). The Board of Trustees of the New York City Employees' Retirement System (hereinafter the Board of Trustees) is bound by a Medical Board finding that an applicant is not disabled for duty (see Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760 [1996]). The Medical Board's determination is conclusive if it is supported by "some credible evidence" and is not "arbitrary or capricious" (id. at 761 [internal quotation marks omitted]; see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d 139 [1997]; Matter of Zamelsky v New York City Employees' Retirement Sys., 55 AD3d 844 [2008]; Matter of Drew v New York City Employees' Retirement Sys., 305 AD2d 408, 409 [2003]).

Here, the record demonstrates that the Medical Board considered all of the medical evidence submitted by the petitioner and performed a physical examination of the petitioner. Although the medical conclusions of some of the petitioner's treating physicians differed from those of the Medical Board, the resolution of such conflicts is solely within the province of the Medical Board (see Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d at 761; Matter of Tobin v Steisel, 64 NY2d 254, 258-259 [1985]; Matter of Santoro v Board of Trustees of N.Y. City Fire Dept. Art.1-B Pension Fund, 217 AD2d 660 [1995]). Based upon the credible evidence before the Medical Board, the determination of the Board of Trustees

was neither irrational, nor arbitrary and capricious (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d at 149-150; *Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d at 760; *Matter of Zamelsky v New York City Employees' Retirement Sys.*, 55 AD3d 844 [2008]; *Matter of Marzigliano v New York City Employees' Retirement Sys. [NYCERS]*, 27 AD3d 748 [2006]; *Matter of Drew v New York City Employees' Retirement Sys.*, 305 AD2d 408 [2003]).

Contrary to the petitioner's contention, the finding by the Workers' Compensation Board and the Social Security Administration that he is disabled was not binding on the Medical Board (*see Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d at 759; *Matter of Barden v New York City Employees' Retirement Sys.*, 291 AD2d 215, 216 [2002]; *Matter of Kalachman v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 224 AD2d 619, 620 [1996]).

The petitioner's remaining contention is without merit. Angiolillo, J.P., Dickerson, Leventhal and Chambers, JJ., concur.