In the Matter of JASMINE DEVERS, Appellant, v RAYMOND KELLY et al., Respondents. [8 NYS3d 292]—

Judgment, Supreme Court, New York County (Alexander W. Hunter, J.), entered January 29, 2014, denying the petition to annul respondents' determination, dated April 10, 2013, which denied petitioner's application for accidental disability retirement (ADR) benefits, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Petitioner claims that she suffered a disabling accident when she slipped and fell on wet, sticky paint while walking down the stairs to her locker. Respondent Board of Trustees denied the application for ADR benefits by a tie vote, and such a denial can be annulled only if petitioner is entitled to ADR benefits as a matter of law (*see Matter of Morgan v Kerik*, 305 AD2d 288 [1st Dept 2003], *lv denied* 1 NY3d 507 [2004]). Here, in light of the conflicting descriptions of the condition of the stairs, and

that the only work order submitted by petitioner indicated that painting had been completed more than two weeks before the accident, the decision to deny petitioner ADR was supported by some credible evidence, and petitioner failed to establish that her fall was caused by the paint rather than her own misstep (*see Matter of Starnella v Bratton*, 92 NY2d 836, 839 [1998]; *Matter of Bisiani v Kelly*, 39 AD3d 261 [1st Dept 2007]).

Petitioner's contention that the court should have ordered respondents to disclose certain evidence is unpreserved (*see Matter of Khan v New York State Dept. of Health*, 96 NY2d 879 [2001]), and waived by her failure to submit a reply to respondents' answer (*see Matter of Shufelt v Beaudoin*, 116 AD2d 422, 425 [3d Dept 1986]; *see also* CPLR 7804 [d]). Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Clark and Kapnick, JJ.