■ In the Matter of KIMBERLY FUSCO, Appellant, v TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK et al., Respondents. [24 NYS3d 291]—

Judgment, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered on or about February 10, 2015, denying the petition brought pursuant to CPLR article 78 to annul respondents' determination, dated April 7, 2014, which denied petitioner's application for accidental disability retirement benefits, unanimously affirmed, without costs.

The determination that petitioner was not disabled by back pain or leg pain allegedly resulting from a fall while she walked up the steps at school, while at work, was supported by some credible evidence (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 145 [1997]; *Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760 [1996]). Such evidence included the examination of petitioner by respondent's Medical Board and its review of conflicting medical evidence from petitioner's treating physicians, as well as petitioner's acknowledgment that she could independently perform daily life activities such as bathing, dressing, and driving (*see Matter of Mininni v New York City Employees' Retirement Sys.*, 279 AD2d 428 [1st Dept 2001], *lv denied* 96 NY2d 722 [2001]; *Matter of Dabney v New York City Employees' Retirement Sys.*, 256 AD2d 86 [1st Dept 1998]). The disability finding of the Social Security Administration, rendered after the subject determination, is not dispositive of the Medical Board's disability determination (*see id.; see also Matter of Barden v New York City Employees' Retirement Sys.*, 291 AD2d 215 [1st Dept 2002]).

Furthermore, petitioner failed to show that any disability was the result of an accident. There is a lack of evidence that petitioner's fall was caused by anything other than her own misstep while ascending the stairs to the school (*see Matter of Starnella v Bratton*, 92 NY2d 836, 839 [1998]; *Matter of Devers v Kelly*, 127 AD3d 640 [1st Dept 2015], *lv denied* 26 NY3d 905 [2015]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Saxe, J.P., Moskowitz, Richter and Feinman, JJ.