Matter of Merlino v Teachers' Retirement Sys. of the City of N.Y. (2019 NY Slip Op 08134)





Matter of Merlino v Teachers' Retirement Sys. of the City of N.Y.


2019 NY Slip Op 08134


Decided on November 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.


10316 101176/17

[*1] In re Nicole Merlino, Petitioner-Appellant,
v
Teachers' Retirement System of The City of New York, et al., Respondents-Respondents.


Chet Lukaszewski, P.C., Garden City (Chester Lukaszewski of counsel), for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondents.



Judgment, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about September 21, 2018, denying the petition to, inter alia, annul the determination of respondent Teachers' Retirement System of the City of New York, dated April 24, 2017, which denied petitioner's application for accident disability retirement, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The determination to deny petitioner's application for accident disability retirement was not arbitrary and capricious, and was supported by some credible evidence (see Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760 [1996]). The finding of respondent's Medical Board that petitioner did not suffer from disabling reflex sympathetic dystrophy syndrome (RSD) (also known as complex regional pain syndrome [CRPS]) was supported by its physical examination and interview of petitioner, in which she admitted that she was able to drive and walk without assistance, she was found to have "full functional use of both lower extremities," and the color and temperature of her leg were found to be normal (see Matter of Fusco v Teachers' Retirement Sys. of the City of N.Y,., 136 AD3d 450, 451 [1st Dept 2016]). The fact that several of petitioner's own treating physicians diagnosed her with RSD/CRPS based on conflicting accounts of symptoms is not dispositive, as the record reflects that the Medical Board was aware of and considered these medical records but came to a different conclusion (see Fusco, 136 AD3d at 451; Matter of Bell v New York City Employees' Retirement Sys., 273 AD2d 119 [1st Dept 2000], lv denied 96 NY2d 701 [2001]; see also Matter of Hannon v New York State Dept. of Human Rights, 170 AD3d 1175, 1178 [2d Dept 2019]). The fact that the New York City Department of Education granted petitioner's requests for long-term line of duty injury leaves of absence is not binding on the Medical Board (see Matter of Nemecek v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 99 AD2d 954, 955 [1st Dept 1984]).
The Medical Board's determination that petitioner suffered from a different disabling condition - the psychological condition of chronic pain syndrome - is not properly reviewed by this Court because petitioner was not aggrieved by it (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544-546 [1983]; see also Matter of Goodacre v Kelly, 96 AD3d 625, 626 [1st Dept 2012], lv denied 20 NY3d 860 [2013]). Furthermore, the Medical Board's determination that petitioner's disabling chronic pain syndrome was not causally related to her line of duty injury was based on the absence of any evidence in the record of the cause of that syndrome. Although the burden of proof was on petitioner to show that her disability was either caused or exacerbated by a line-of-duty injury (see Nemecek, 99 AD2d at 955), she failed to submit any documentation of her psychological condition, even on remand. Indeed, it was not until after the Medical Board issued its Addendum decision and respondent advised petitioner's attorney that this decision was
final that petitioner even attempted to submit psychological treatment records. At that point it was too late.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 12, 2019
CLERK