Matter of DeMeo v Teachers Retirement Sys. of the City of N.Y. (2020 NY Slip Op 01256)





Matter of DeMeo v Teachers Retirement Sys. of the City of N.Y.


2020 NY Slip Op 01256


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Renwick, J.P., Mazzarelli, Gesmer, Kern, JJ.


11081 450186/18

[*1] In re Claudio DeMeo, Petitioner-Appellant,
v
Teachers Retirement System of the City of New York, Respondent-Respondent.


Arthur G. Nevins, Jr., New York, for appellant.
James E. Johnson, Corporation Counsel, New York (Claibourne Henry of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Verna L. Saunders, J.), entered January 8, 2019, denying the petition to annul respondents' determination, dated May 25, 2017, which denied petitioner's application for accidental disability retirement benefits, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The determination to deny petitioner's application for accident disability retirement was not arbitrary and capricious, and was supported by some credible evidence (see Matter of Merlino v Teachers' Retirement Sys. of the City of N.Y., 177 AD3d 430, 430 [1st Dept 2019], citing Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760 [1996]). The finding of respondent's Medical Board that petitioner was not disabled was supported by its physical examination and interview of petitioner (see Matter of Fusco v Teachers' Retirement Sys. of the City of N.Y., 136 AD3d 450, 451 [1st Dept 2016]). Upon examination, petitioner was able to move around unassisted, had normal strength and range of motion in his shoulders, elbows, wrists, and hips, and had little or no tenderness in his neck and back. In addition, the Medical Board noted that petitioner had not had standard of care epidural injections, trigger point injections, or any other procedures to improve his current complaints. Petitioner claims that the Medical Board ignored his medical history, but resolution of conflicting evidence was for the Medical Board to resolve (see Matter of Athanassiou v Kelly, 101 AD3d 517 [1st Dept 2012]; Matter of Bell v New York City Employees' Retirement Sys., 273 AD2d 119, 120 [1st Dept 2000], lv denied 96 NY2d 701 [2001]).
The disability finding of the Social Security Administration was not dispositive of the Medical Board's disability determination (see Fusco, 136 AD3d at 451, citing Matter of Barden v New York City Employees' Retirement Sys., 291 AD2d 215, 216 [1st Dept 2002]). Nor did the [*2]finding of the medical arbitrator, who examined petitioner after the Medical Board made its determination, warrant article 78 relief (see id.).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK