Matter of Drew v O'Neill (2020 NY Slip Op 05282)





Matter of Drew v O'Neill


2020 NY Slip Op 05282


Decided on October 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 01, 2020

Before: Gische, J.P., Oing, Singh, Mendez, JJ. 


Index No. 100870/2018 Appeal No. 11917N-11917NA Case No. 2019-04099, 2019-4626 

[*1]In re Christopher Drew, Petitioner-Respondent,
v
James O'Neill, etc., et al., Respondents-Appellants.


James E. Johnson, Corporation Counsel, New York (Ingrid R. Gustafson of counsel), for appellants.
Chet Lukaszewski, P.C., Garden City (Chet Lukaszewski of counsel), for respondent.



Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered March 1, 2019, granting the petition to vacate a determination of respondent Board of Trustees of the Police Pension Fund, dated May 9, 2018, which denied petitioner's application for accident disability retirement (ADR), and awarded petitioner ADR retroactive to December 1, 2010, unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed. Appeal from order, same court and Justice, entered July 22, 2019, which, inter alia, upon reargument, adhered to its prior determination, unanimously dismissed, without costs, as academic.
The denial of ADR was not arbitrary and capricious. The relevant date for purposes of disability is at or prior to the applicant's retirement from service (see Administrative Code of City of NY § 13-252; Matter of Gullo v Kelly, 50 AD3d 449, 450 [1st Dept 2008], lv denied 11 NY3d 702 [2008]; Matter of Bansley v Safir, 299 AD2d 185 [1st Dept 2002]; see also Matter of Mulheren v Board of Trustees of Police Pension Fund, Art. II, 307 AD2d 129, 134 [1st Dept 2003], lv denied 100 NY2d 525 [2003]). The Medical Board's consideration of evidence and reports after petitioner's retirement and its conclusion that petitioner was disabled several years after his retirement, does not change the relevant date for entitlement to ADR.
The Medical Board was entitled to rely on its own examinations and testing of petitioner as well as its review of petitioner's medical records, which provided some credible evidence to support its finding that petitioner was not disabled at the time of his retirement (see Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760-761 [1996]; Matter of Khurana v Kelly, 73 AD3d 497 [1st Dept 2010], lv denied 15 NY3d 715 [2010]). The Medical Board was not bound by the contrary opinions of petitioner's treating physicians (Khurana at 497; see Matter of Dominguez, 179 AD3d 574 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2020