Matter of Smith v Shea (2022 NY Slip Op 05969)

Matter of Smith v Shea

2022 NY Slip Op 05969

Decided on October 25, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 25, 2022

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 152636/20 Appeal No. 16537 Case No. 2022-01116 

[*1]In the Matter of Cyress Smith, Petitioner-Appellant,
v
Dermot F. Shea, etc., et al., Respondents-Respondents.

Goldeberg & McEnaney, LLC, Port Washington (Timothy McEnaney of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Diana Lawless of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about April 19, 2021, denying the petition to annul respondents' determination, dated November 13, 2019, which denied petitioner's application for accidental disability retirement benefits pursuant to the World Trade Center (WTC) Disability Law, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Respondent Medical Board's determination that petitioner was not permanently disabled from the performance of his duties as an NYPD officer as a result of his obstructive sleep apnea was not arbitrary and capricious. The Medical Board properly based its conclusion on its examination of petitioner and his medical records, which provided some credible evidence in support of its findings (see Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760-761 [1996]), as well as the fact that petitioner had not undergone available treatment options to alleviate his symptoms (see Matter of Mondello v Beekman, 78 AD2d 824, 824 [1st Dept 1980], affd 56 NY2d 513 [1982]).
Contrary to petitioner's contention, the Medical Board was not required to utilize any particular written medical standards or guidelines in determining whether petitioner was disabled. The Medical Board was entitled to rely on its own expertise (see Matter of Drew v O'Neill, 187 AD3d 404, 405 [1st Dept 2020]). Similarly, the NYPD Medical Division's finding that petitioner's obstructive sleep apnea affected the performance of his duties was not binding on the Medical Board (see Matter of Ortiz v Kelly, 94 AD3d 430, 431 [1st Dept 2012]; Matter of Nemecek v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 99 AD2d 954, 955 [1st Dept 1984]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 25, 2022