Matter of Ramos v O'Neill (2022 NY Slip Op 06448)

Matter of Ramos v O'Neill

2022 NY Slip Op 06448

Decided on November 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022

Before: Gische, J.P., Kapnick, Kern, Gesmer, Higgitt, JJ. 

Index No. 156853/19 Appeal No. 16637 Case No. 2021-04193 

[*1]In the Matter of Jose Ramos, Petitioner-Appellant,
v
James O'Neill etc., et al., Respondents-Respondents.

Goldberg & McEnaney, LLC, Port Washington (Timothy McEnaney of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Antonella Karlin of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Carol R. Edmead, J.), entered May 13, 2021, denying the petition to annul a determination of respondent Board of Trustees of the New York City Police Pension Fund, Article II, dated March 13, 2019, which denied petitioner's application for accidental disability retirement benefits, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The determination of the Board of Trustees that there was no causal connection between petitioner's 2012 line-of-duty injury and his disability was supported by credible evidence (see Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756 [1996]; Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d 139, 145 [1997]). Five of six physicians who examined petitioner concluded that petitioner suffered from degenerative disc disease, and petitioner was able to return to full duty for more than two years following the line-of-duty injury. While petitioner's treating surgeon concluded that petitioner's spinal condition was causally related to the line-of-duty injury, resolution of this conflict in evidence fell within the sole province of the NYCERS Medical Board and the Board of Trustees (see Matter of Russell v New York City Fire Pension Fund, 192 AD3d 442, 442 [1st Dept 2021]; Matter of Higgins v Kelly, 84 AD3d 520, 520-521 [1st Dept 2011], lv denied 18 NY3d 806 [2012]). Further, the Board of Trustees properly relied upon the NYCERS Medical Board's finding of lack of causation (see Matter of Guzman v Safir, 293 AD2d 281, 281 [2002], lv denied 98 NY2d 614 [2002]).
Petitioner's contention that the NYCERS Medical Board mistakenly based its findings on a diagnosis of only spondylolysis, where he also suffered from spondylolisthesis, which he claims is acute in nature, is unavailing, as the NYCERS Medical Board independently reviewed petitioner's 2012 MRI film in reaching its conclusions. Furthermore, the NYPD Medical Board's finding that petitioner's disability was causally connected to the line-of-duty injury is not binding on the NYCERS Medical Board and Board of Trustees (see Matter of Ortiz v Kelly, 94 AD3d 430 [1st Dept 2012]; Matter of Nemecek v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 99 AD2d 954, 955 [1984]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 15, 2022