Matter of McMikle v Department of Educ. of the City of N.Y. (2023 NY Slip Op 05099)

Matter of McMikle v Department of Educ. of the City of N.Y.

2023 NY Slip Op 05099

Decided on October 10, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 10, 2023

Before: Manzanet-Daniels, J.P., Gesmer, González, Kennedy, O'Neill Levy, JJ. 

Index No. 150697/22 Appeal No. 731 Case No. 2022-03082 

[*1]In the Matter of Ashley McMikle, Petitioner-Appellant,
v
Department of Education of the City of New York, et al., Respondents-Respondents.

Stewart Lee Karlin, Law Group, P.C., New York (Natalia Kapitonova of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amanda Abata of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Arlene Bluth, J.), entered on or about June 13, 2022, denying the petition to annul respondents' determination, dated July 7, 2021, which denied petitioner's application for accidental disability retirement (ADR) benefits, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner has not shown that respondents' determination to deny her application for ADR benefits was arbitrary and capricious or made in violation of lawful procedure (see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d 139, 145 [1997]). The evidence submitted at the hearing included the Medical Board's physical examination of petitioner and its exhaustive review of the conflicting medical evidence from examining physicians, as well as petitioner's acknowledgment that she could, without assistance, perform daily life activities such as bathing, dressing, and walking (see Matter of Fusco v Teachers' Retirement Sys. of the City of N.Y., 136 AD3d 450, 451 [1st Dept 2016]). Thus, based on the objective medical evidence, the Medical Board concluded that petitioner did not complain of pain in her back, neck, and extremities when she went to the emergency room immediately after the accident underlying her request for ADR benefits, and that her various orthopedic problems were part of a normal degenerative process in a middle-aged person.
Although petitioner asserts that she presented evidence linking her disability to the accident, resolution of conflicting medical opinions was within the Medical Board's purview (see Matter of Athanassiou v Kelly, 101 AD3d 517 [1st Dept 2012]). Petitioner further notes that the Medical Board's determination conflicts with the finding of the Social Security Administration that awarded her disability benefits. However, as she acknowledges, the finding of the Social Security Administration is not binding on the Medical Board (see Matter of Fusco, 136 AD3d at 451).
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 10, 2023