Matter of Pepe v Department of Educ. of the City of N.Y. (2023 NY Slip Op 06825)

Matter of Pepe v Department of Educ. of the City of N.Y.

2023 NY Slip Op 06825

Decided on December 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 28, 2023

Before: Manzanet-Daniels, J.P., Webber, Friedman, Shulman, Rosado, JJ. 

Index No. 159071/21 Appeal No. 1320 Case No. 2022-05537 

[*1]In the Matter of Thomas Pepe, Petitioner-Appellant,
v
The Department of Education of the City of New York, et al., Respondents-Respondents.

Stewart Lee Karlin Law Group P.C., New York (Natalia Kapitonova of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Julie Steiner of counsel), for respondents.

Order and judgment (one paper), Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about October 24, 2022, denying the petition to annul respondent's determination, dated October 8, 2020, which denied petitioner's application for accidental disability retirement (ADR) and ordinary disability retirement (ODR), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner has failed to show that respondents' determination to deny his applications for ADR and ODR was arbitrary and capricious or in violation of lawful procedure. The Medical Board was entitled to rely on its own review of petitioner's medical records, including December 2013 and March 2016 MRI reports of his knee and back, as well as its own examination of petitioner, all of which provided some credible evidence supporting the Board's finding that petitioner's conditions were not causally related to the October 10, 2013 incident in which petitioner claims he was injured (see Meyer v Board of Trustees of the N.Y. City Fire Dept., Art. 1-B Pension Fund, 90 NY2d 139, 145 [1997]; Borenstein v New York City Empls. Retirement Sys., 88 NY2d 756, 760 [1996]). Furthermore, resolution of conflicting evidence was for the Medical Board (see Matter of DeMeo v Teachers Retirement Sys. of the City of N.Y., 180 AD3d 560, 561 [1st Dept 2020]).
We reject petitioner's contention that the Medical Board was biased against him because it referred to a letter from petitioner's school principal in which the principal opined as to the extent of petitioner's injuries. The Medical Board provided a lengthy and fact specific recitation of the reasons for its determination, and its mention of the principal's letter was not dispositive. Furthermore, a mere allegation of bias is insufficient, and petitioner did not provide a factual demonstration to support his claim and proof that the outcome was tainted by bias (see James v National Arts Club, 99 AD3d 523, 525-526 [1st Dept 2012], lv dismissed 21 NY3d 886 [2013]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2023