■ In the Matter of JULIA F. TUFFILLARO, Respondent, v CITY OF ELMIRA et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Ellison, J.), entered July 8, 1982 in Chemung County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the City Manager of the City of Elmira denying petitioner's claim for death benefits pursuant to the terms of a collective bargaining agreement. The sole issue on this appeal is whether a heart attack sustained by a police officer while on foot patrol in frigid weather can properly be construed to be an injury within the meaning of section 208-b of the General Municipal Law. The facts are undisputed. Petitioner's decedent, age 57 and a 25-year veteran of the Elmira Police Department with a history of heart disease, returned to the police station at 3:00 A.M. on January 10, 1979 for a meal break while on a midnight shift of foot patrol. He collapsed and died in the station as the consequence of an acute myocardial infarction. The weather varied from plus seven degrees to minus four degrees fahrenheit. Respondents' determination, made without an evidentiary hearing, denied petitioner's claim for widow's death benefits made pursuant to the collective bargaining agreement between the city and the police benevolent association. Special Term granted petitioner's CPLR article 78 proceeding to annul the determination, giving rise to this appeal. The judgment should be affirmed for the following reasons. Respondents' determination rested solely upon the finding that a heart attack is not an injury within the meaning of section 208-b of the General Municipal Law. To be remembered is the fact that petitioner's claim was made pursuant to Clause No. 34 (c) of the collective bargaining agreement which embodies the definition of accidental death set forth in section 208-b of the General Municipal Law.[1] This latter section provides, in pertinent part,

---

1. Clause 34 (c) of the police benevolent association agreement states: "In the event a member, during the term of this Agreement, suffers an accidental death, as defined in General Municipal Law, Section 208-b, the City, in addition to the death benefits

that death benefits shall be payable if the chief officer of the municipality shall determine, on the basis of the evidence, that petitioner has established that decedent died within one year of injuries sustained at a definite time and place and incurred in the performance of duty and not caused by his own willful negligence. It is uncontradicted that petitioner's decedent was on duty at the time, that he died within one year, and that he did not contribute to his death by his own willful negligence. The focal point is whether Special Term correctly found that the presumptions in section 207-k of the General Municipal Law provided sufficient basis to award benefits under Clause No. 34 (c) of the collective bargaining agreement between the parties. While it cannot be denied that the presumptions of section 207-k (commonly called the "heart bill") do not expressly include the presumption that a heart attack is an accident or injury at a definite time and place, the Court of Appeals holding in *Uniformed Firefighters Assn., Local 94, IAFF, AFL-CIO v Beekman* (52 NY2d 463) provides authority for the enlargement of the scope of section 207-k so as to create the presumption that a heart attack suffered by an on-duty policeman constitutes an accident or injury.[2] Although *Uniformed Firefighters Assn., Local 94, IAFF, AFL-CIO v Beekman* (52 NY2d 463, *supra*) concerned the Administrative Code of the City of New York and its uniformed police and firemen, the majority decision must be read as a determination that the Legislature, despite the absence of specificity, intended the presumption of accidental causation to be included within section 207-k. If, therefore, as Special Term found, the statute must be read to include a rebuttable presumption that the heart condition is presumed to have occurred in the performance of duty and was the proximate and natural result of injury sustained at a definite time and place, it became incumbent upon respondents to come forward with evidence to rebut these presumptions (*Uniformed Firefighters Assn., Local 94, IAFF, AFL-CIO v Beekman, supra; Matter of Lemmerman v McGuire,* 102 Misc 2d 56). Respondents offered no proof whatsoever. Such failure to rebut requires us to uphold the presumption of accidental causation (cf. *Matter of Pastor v Levitt,* 58 AD2d 669). Respondents' argument that decedent's medical history of pre-existing heart disease coupled with the absence of any report of injuries or strenuous activities provide sufficient evidence to rebut the presumption is unpersuasive. There must be some credible evidence to support the findings (see *Matter of Belnavis v Board of Trustees of N. Y. City Fire Dept., Art. IB Pension System,* 84 AD2d 244, app dsmd 56 NY2d 645). Here, there is none. It is unnecessary to reach the remaining issues. Judgment affirmed, without costs. Sweeney, J. P., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.

---

described in subparagraph (a) hereinabove, shall further provide, in accordance with Annex B, the death benefit set forth in General Municipal Law, Section 208-b, to the widow, child, or children, as the case may be, of the member of the bargaining unit who, during the term of the Agreement, has suffered an accidental death, as defined in General Municipal Law, Section 208-b."

2. Section 207-k states, in pertinent part: "Notwithstanding the provisions of any general, special or local law or administrative code to the contrary, but except for the purposes of [statutes not here applicable] any conditon of impairment of health caused by diseases of the heart * * * shall be presumptive evidence that it was incurred in the performance and discharge of duty".