■ In the Matter of THOMAS LISTON, Respondent, v CITY OF NEW YORK et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Harold Baer, Jr., J.), entered April 12, 1989, which annulled respondent Board of Trustees' determination denying petitioner an accident disability pension and remanded the matter to respondents with the instruction that petitioner be issued a retroactive service-related accident disability pension, unanimously affirmed, without costs or disbursements.

Petitioner, a captain in the New York City Fire Department, first experienced symptoms of nausea, dizziness, lightness of the head and premature weakness while firefighting in 1975, some 19 years after becoming a member of the Department. Petitioner was subsequently examined by several doctors, including Doctors Vitale, Kaltmann, Kornfeld and Seinfeld, cardiologists, all of whom diagnosed petitioner as suffering from a mitral valve prolapse as well as from arrythmia.

There is ample evidence that petitioner's heart condition was induced by stress, as well as by exercise, and that his condition was disabling. The "Heart Bill" affords a presumption, albeit rebuttable, that any disabling health condition caused by a disease of the heart is service related. *(See,* General Municipal Law § 207-k; *Uniformed Firefighters Assn. v Beekman,* 52 NY2d 463.) Respondent's argument that petitioner is not entitled to the benefit of the "Heart Bill" because his condition is not a disease of the heart is unpersuasive. On

the basis of the medical evidence presented, we agree that petitioner's disabling condition entitled him to the "Heart Bill" presumption.

The conclusory finding by the Pension Fund's Medical Board that petitioner's heart condition was psychosomatic in origin is lacking a factual basis and does not constitute competent evidence sufficient to defeat the presumption. Indeed, Doctor Kesselman, the psychiatrist who interviewed petitioner, noted that his interview revealed "no substantial psychiatric findings". Moreover, Dr. Kesselman expressly found that any "functional cardia disturbance under conditions of stress" could not be picked up on the course of a psychiatric interview.

Finally, in view of the "Heart Bill's" legal presumption, and on the basis of the record, as supplemented following a remand, the Supreme Court was empowered to rule, as a matter of law, that petitioner was entitled to an accident disability pension. (See, Matter of Tuffillaro v City of Elmira, 94 AD2d 882.) Concur—Sullivan, J. P., Rosenberger, Asch and Rubin, JJ.