(May 31, 2012)

■ In the Matter of MICHAEL BARANOWSKI, Respondent, v RAYMOND W. KELLY, as the Police Commissioner of the City of New York, et al. Appellants. [945 NYS2d 664]—

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered November 24, 2010, which granted the petition pursuant to CPLR article 78 seeking to annul respondents' determination denying petitioner accidental disability retirement benefits and direct respondents to award petitioner said benefits, unanimously affirmed, without costs.

The Medical Board found that petitioner suffered from a disabling congenital condition that prevented him from performing his duties as a police officer, and recommended ordinary disability retirement based on the fact that the condition typically manifests itself when an individual is in his or her 20s or 30s. Petitioner contends that he is entitled to an accidental disability retirement pension based on an incident in July 2003, when he carried a victim from a burning building, which permanently aggravated the congenital condition.

Where, as here, the Medical Board finds an employee disabled for performance of duty and the Board of Trustees becomes deadlocked on the issue of whether the condition is causally related to the service-related injuries, accidental disability retirement is denied as long as there is any credible evidence of lack of causation before the Board of Trustees (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 144-145 [1997]). Here, the court remanded to the Medical Board on two occasions to cite evidence supporting its conclusion that petitioner's disability was not service-related. We agree that the Medical Board's finding that petitioner's congenital condition was only temporarily exacerbated by the incident was based solely on conjecture, since the Board failed to cite anything in the record indicating that the condition improved before becoming permanently disabling (*see Matter of Cusick v Kerik*, 305 AD2d 247, 253 [2003], *lv denied* 100 NY2d

511 [2003]; *Matter of Liston v City of New York*, 161 AD2d 491, 492 [1990], *lv denied* 76 NY2d 709 [1990]). Concur—Mazzarelli, J.P., Andrias, DeGrasse, Richter and Abdus-Salaam, JJ.