(March 5, 2015)

■ In the Matter of Sean O'Brien, Appellant, v Raymond Kelly et al., Respondents. [5 NYS3d 61]—

Judgment, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered March 8, 2013, denying the petition and dismissing the proceeding brought pursuant to CPLR article 78 to annul respondents' determination, dated June 19, 2012, which denied petitioner's application for accident disability retirement benefits (ADR), unanimously reversed, on the law, without costs, and the matter remanded to the Medical Board and respondent Board of Trustees of the Police Pension Fund for proceedings consistent with this opinion.

In April 2009, petitioner was involved in an incident in which a suspect elbowed him repeatedly in the left ear; during this altercation, a gun repeatedly discharged, also near petitioner's left ear. In his initial report, the audiologist who examined petitioner at the request of the New York City Police Depart-

ment stated that the tinnitus in petitioner's left ear might have been "a possible consequence of the trauma to the left ear that he reported . . . took place at the time of its onset." Similarly, the otolaryngologist who examined petitioner stated that petitioner's tinnitus had been exacerbated by "repeated noise exposure and noise trauma in the line of duty" and that notwithstanding any other possible etiologies, "the noise trauma sustained in the described incidents of exposure to loud gunshots on several occasions are still causally related" to petitioner's hearing loss. Nonetheless, in rendering a decision that petitioner was entitled only to ordinary disability retirement, the Medical Board found that petitioner's hearing loss resulted from a congenital cause that was not trauma induced, stating, "[T]he Medical Board . . . finds no objective evidence that the most recent line of duty incident in 2009 resulted in the aggravation of [petitioner's] hearing deficits."

The Medical Board's statement that it found "no objective evidence" of exacerbation is puzzling in light of the record, especially because the audiologist who examined petitioner at the NYPD's behest initially concluded that petitioner's hearing loss may have resulted from the April 2009 incident. The Medical Board did not, however, discuss why it rejected its own audiologist's initial conclusion. Nor did it discuss why it rejected the conclusion of petitioner's otolaryngologist—the only medical doctor who actually examined petitioner in connection with his application for ADR—stating that the April 2009 incident did, in fact, exacerbate petitioner's tinnitus and hearing loss. The Medical Board's finding is also incongruous in light of the fact that only after the April 2009 incident did petitioner's hearing loss become severe enough that he was unable to return to duty (*see Matter of Baranowski v Kelly*, 95 AD3d 746 [1st Dept 2012]; *see also Matter of Kiess v Kelly*, 75 AD3d 416, 417 [1st Dept 2010]).

Accordingly, the matter should be remanded for a new report by the Medical Board and a new determination by the Board of Trustees. Concur—Sweeny, J.P., Renwick, Moskowitz, Feinman and Kapnick, JJ.