**Quinn v Board of Trustees of the Fire Dept. of the City of N.Y. Pension Fund**

2024 NY Slip Op 30013(U)

January 3, 2024

Supreme Court, New York County

Docket Number: Index No. 151624/2023

Judge: Arthur F. Engoron

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. ARTHUR F. ENGORON        PART          37

*Justice*

---------------------------------------------------------------------X

MICHELE QUINN,

                Petitioner,

       - v -

THE BOARD OF TRUSTEES OF THE FIRE DEPARTMENT
OF THE CITY OF NEW YORK PENSION FUND, THE NEW
YORK CITY FIRE PENSION FUND, LAURA KAVANAGH,

                Respondents.

---------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151624/2023 |
| MOTION DATE | 02/17/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57

were read on this motion to/for          ARTICLE 78 (BODY OR OFFICER)     .

Upon the foregoing documents, and for the reasons stated herein below, the petition is granted as follows.

Background

On January 25, 2023, petitioner, Michelle Quinn, commenced this Article 78 Special Proceeding seeking: (1) to annul the October 26, 2022 determination of respondent The Board of Trustees of the Fire Department of the City of New York Pension Fund (the "Board") that denied a World Trade Center ("WTC") line-of-duty death benefit pension arising from the post-surgery accidental drug overdose death of petitioner's husband, retired firefighter Peter A. Quinn ("Quinn"), and (2) directing that respondents grant the application. NYSCEF Doc. No. 1.

The parties do not dispute that Quinn was a uniformed member of the FDNY who retired in 2015 with a line-of-duty disability pension, pursuant to New York Administrative Code § 13-353.1(1)(a) (the "WTC Bill"). A December 11, 2014 report from New York Fire Department Pension Fund Subchapter II Medical Board recommending Quinn's retirement found that he was "permanently disabled with reactive airways disease and asthma ... he has had symptoms for many years which has always been called bronchitis but has required prednisone on multiple occasions." NYSCEF Doc. No. 5. The Board also noted that Quinn had "gained about 150 lbs. over the past several years which he describes [sic] to his use of prednisone." Id.

On January 15, 2019, Quinn was admitted to the Hospital for Special Surgery ("HSS") for a total replacement of his left knee apparently due to his underlying obesity. The day after the surgery, according to HSS medical records, a doctor "educated" Quinn about pain management and its risks, especially "in the setting of" obstructive sleep apnea ("OSA"), a recognized WTC

**151624/2023 QUINN, MICHELE vs. THE BOARD OF TRUSTEES OF THE FIRE DEPARTMENT OF
THE CITY OF NEW YORK PENSION FUND ET AL
Motion No. 001**

Page 1 of 4

1 of 4

[* 1]

condition of which Quinn suffered. NYSCEF Doc. No. 7. On January 20, 2019, Quinn was discharged and given various prescriptions, including for morphine and for a naloxone rescue kit in case of an overdose. NYSCEF Doc. No. 8.

On the morning of January 21, 2019, Quinn was found unresponsive and later pronounced dead. NYSCEF Doc. No. 9. An autopsy report determined that his death was an accident caused by "acute mixed drug intoxication" from "medication ingestion" and "acute bronchopneumonia." NYSCEF Doc. 10.

On March 12, 2020, petitioner applied to the Board for a line-of-duty pension. NYSCEF Doc. No. 11. On October 9, 2020, the Board denied petitioner's application, noting that, while Quinn had been disabled due to his pulmonary health, "it is not clear whether [Quinn] meets the criteria for [a] Line-Of-Duty pension, as it is not clear what his actual cause of death was, or the circumstances that surrounded his death." NYSCEF Doc. No. 12. The Board also expressed "our hope and expectation that further information will be made available to us that will help us in understanding FF Quinn's psychological state of mind in the years of his retirement and at around the time of his death." Id.

On May 28, 2021, petitioner submitted to the Board a toxicology case record review by Dr. Richard Stripp, Ph.D, who had found, to a "reasonable degree of toxicological certainty," that Quinn "experienced respiratory complications as a result of consuming morphine and oxycodone. His health status and previous history of respiratory disease and sleep apnea *greatly* increased the risk of a fatal accidental overdose from opioid analgesics." NYSCEF Doc. No. 13. Dr. Stripp also found that suicide was unlikely as Quinn's

> postmortem drug levels reflect an accidental overdose in a high-
> risk situation that was precipitated by previous physical health
> conditions as a result of working recovery/rescue operations at the
> WTC site. Had it not been for Mr. Quinn's history of respiratory
> disease (RADS), pneumonia and sleep apnea, it is unlikely that
> doses of these drugs would have been fatal in a tolerant individual.

Id.

Despite Dr. Stripp's report, the Board continued unanimously to deny petitioner's applications based on what they did not know (i.e., where the specific medications Quinn overdosed might have come from, what happened in the hours after Quinn was discharged from HSS, what his state of mind was after retirement) and the fact that the autopsy report listed acute mixed drug intoxication as the cause of death, which is not a qualifying condition for the purposes of a WTC death benefit. NYSCEF Doc. Nos. 14, 15, 16.

WTC Presumption
Pursuant to the WTC Bill, an eligible firefighter's disability or death as a result of a qualifying WTC condition, as defined in Retirement and Social Security Law § 2 (36), is "presumptive evidence that it was incurred in the performance and discharge of duty and the natural and proximate result of an accident not caused by such member's own willful negligence, unless the contrary be proved by competent evidence" (the "WTC Presumption").

**151624/2023  QUINN, MICHELE vs. THE BOARD OF TRUSTEES OF THE FIRE DEPARTMENT OF** **Page 2 of 4**
**THE CITY OF NEW YORK PENSION FUND ET AL**
**Motion No. 001**

2 of 4

[* 2]

Arguments

Petitioner now moves to annul the Board's decisions, arguing that the Board arbitrarily and capriciously failed to take into account the WTC Presumption, as Quinn meets the statutory requirements (he worked at the WTC site and suffered from recognized qualifying WTC conditions) and the ultimate *cause* of his accidental overdose, if not the overdose itself, was directly related to his qualifying WTC conditions.

In opposition respondent argues, inter alia, that the instant denials were neither arbitrary nor capricious, as the WTC Presumption does not apply when, as here, credible evidence shows that a party did not die of a qualifying condition. Respondent argues that the autopsy report and "the Medical Board's expert opinion constitutes credible evidence."

Discussion

In Matter of Bitchatchi v Bd. of Trustees of New York City Police Dept. Pension Fund, 20 NY3d 268 (2012), the Court of Appeals addressed the WTC Presumption, in the identical context of NYPD first responders, and found:

> The legislature created the WTC presumption to benefit first responders because of the evidentiary difficulty in establishing that non-trauma conditions, such as cancer, could be traced to exposure to the toxins present at the WTC site in the aftermath of the destruction. Hence, unlike ordinary [Accident Disability Retirement] claimants, first responders need not submit any evidence—credible or otherwise—of causation to obtain the enhanced benefits. Nevertheless, the legislature did not create a per se rule mandating [Accident Disability Retirement] benefits for all eligible responders. Rather, it provided that a pension fund could rebut the presumption by "competent evidence." Under this carefully calibrated framework, we believe that the competent evidence contemplated by the WTC presumption may be equated with the well-established credible evidence standard, provided that the pension fund *bears the burden of coming forward with affirmative evidence to disprove causation.*

Id. at 281-82 (emphasis added).

Credible evidence "is evidence that proceeds from a credible source and reasonably tends to support the proposition for which it is offered." Matter of Meyer v Bd. of Trustees of the New York City Fire Dept., Art. 1-B Pension Fund by Safir, 90 NY2d 139, 147 (1997) (citations omitted). Furthermore, "it must be evidentiary in nature and not merely a conclusion of law, nor mere conjecture or unsupported suspicion." Id.

Here, there is no question that Quinn was at the WTC site and disabled as the proximate result of his line-of-duty exposure. But see Brennan v Kelly, 111 AD3d 407, 408 (1st Dept 2013) (affirming respondent's denial of WTC benefits when petitioner offered no credible evidence of presence at WTC site). Quinn's disabilities included reactive airway disease, asthma, and

**151624/2023 QUINN, MICHELE vs. THE BOARD OF TRUSTEES OF THE FIRE DEPARTMENT OF THE CITY OF NEW YORK PENSION FUND ET AL**
**Motion No. 001**

**Page 3 of 4**

obstructive sleep apnea, all recognized WTC conditions. See Matter of Dement v Kelly, 97 AD3d 223, 230 (1st Dept 2012). Petitioner, through the report of Dr. Stripp, has made a credible argument supporting the proposition that the accidental overdose cause of death listed on Quinn's autopsy was, in turn, a result of his WTC injuries. Bitchatchi at 275 ("an officer's disability or death as a result of a qualifying condition is presumed to be caused by his or her exposure at the WTC site for purposes of benefit upgrades."). That Quinn's qualifying conditions specifically made him susceptible to an accidental overdose is further supported by the HSS doctor's notes and the fact that he was prescribed anti-overdose medications.

The purpose of the WTC Bill "is to protect workers harmed by the September 11th tragedy." Dement v Kelly, 97 AD3d 223, 231 (1st Dept 2012). "Respondents' narrow reading of the law would defeat the avowed purpose of the statute, i.e., to protect 9/11 workers as a result of their heroic efforts ... The statutory language 'an impairment of health caused by a qualifying [WTC] condition' must be interpreted in a manner consistent with the underlying purposes of the statute." Id.

It was arbitrary and capricious for respondents to find that Quinn was not entitled to the WTC Presumption, and, therefore, they must rebut that presumption with "credible evidence," which they failed to do. Respondent's conjecture and unsupported suspicion that Quinn's accidental overdose was not ultimately caused by a qualifying WTC condition is insufficient. Liston v City of New York, 161 AD2d 491, 492 (1st Dept 1990) (medical board's conclusory finding lacking a factual basis did not constitute "competent evidence" required to rebut statutory presumption of causation).

Therefore, this Court will direct respondent to vacate its prior determination, denying petitioner's application for a line-of-duty death benefit pension pursuant to the WTC Bill. Dement at 232 (1st Dept 2012) ("A court may set aside the Board of Trustees' denial of ADR benefits where it can conclude, as a matter of law, that a petitioner's disability is the natural and proximate result of a service-related accident."); see Canfora v Bd. of Trustees of Police Pension Fund of Police Dept. of City of New York, 60 NY2d 347 (1983).

Conclusion
The petition is granted; respondents are hereby directed to annul the October 26, 2022 determination of respondent The Board of Trustees of the Fire Department of the City of New York Pension Fund, which denied petitioner's application for line-of-duty death benefits, and reconsider its determination consistent with this Decision; the Clerk is directed to enter judgement accordingly.

| 1/3/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARTHUR F. ENGORON, J.S.C.** | |
| CHECK ONE: | [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
| | [X] GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

151624/2023   QUINN, MICHELE vs. THE BOARD OF TRUSTEES OF THE FIRE DEPARTMENT OF THE CITY OF NEW YORK PENSION FUND ET AL
Motion No. 001

Page 4 of 4

[* 4]

4 of 4